*NEW-YORK,*
May, 1819.

The Overseers
of SHERBURNE
v.
The Overseers
of NORWICH.

The Overseers of the Poor of the Town of SHERBURNE *against* The Overseers of the Poor of the Town of NORWICH.

*Where a woman has a husband resident within the state, and able to maintain her, any settlement which she may have had previous to her marriage is suspended, and she cannot be removed to the place of her former settlement, but only to the place of her husband's settlement or residence.*

*Whether in case of the husband's inability to maintain the wife, she can be removed to her old settlement? Quære.*

*An estate situate in a town, without residence there, does not gain the owner a settlement in that town.*

IN ERROR, on *certiorari* to the Court of General Sessions of the Peace of the county of *Chenango.*

Two justices of the peace of the town of *Norwich*, in the county of *Chenango*, made an order for the removal of *Rachel Ingraham*, as a pauper, from *Norwich* to *Sherburne.* The overseers of the poor of the town of *Sherburne*, appealed to the Court of Sessions of the county of *Chenango*, which affirmed the order of removal.

The pauper was formerly the wife of one *Spencer*, who died seized of a lot of land in the town of *Sherburne*, worth 1,200 or 1,400 dollars, in which she was entitled to dower, but dower had never been assigned to her, nor had she ever been in possession of the land. She afterwards married one *Little*, who had no settlement in this state, in his own right, and it did not appear where he resided. The pauper afterwards married *Samuel Ingraham*, her present husband, who resided, at the time of the order and appeal, and for five years previous, in the town of *Smithville*, in *Chenango* county. It was proved that *Ingraham*, at the date of the order, was a housekeeper in *Smithville*; that he was a weaver by trade, in good health, and earned a dollar a day, and sometimes more; that he was out of debt, and had property to the amount of 300 dollars.

PLATT, J. delivered the opinion of the Court. I think the Sessions erred in affirming the order of removal. Admitting that in virtue of her dower, the pauper had a settlement in *Sherburne*, at the time of her marriage with *Ingraham;* yet the settlement in her own right, or in the right of her former husband *Spencer*, was suspended by the last marriage. *Blackstone* (1 *Black. Comm.* 354.) says, " a woman marrying a man that is settled in another parish, changes her own settlement; the law not permitting the separation of hus-

band and wife. But if the man has no settlement, her's is suspended during his life, if he remains in *England*, and is able to maintain her ; but in his absense, or after his death, or during (perhaps) his inability, she may be removed to her old settlement."

*Ingraham*, the husband, cannot be deemed to have a settlement in *Sherburne*, merely in right of his wife's dower there ; for it is settled that, " having land in a parish will not make a settlement; but living in a parish where one has land, will gain a 'settlement." (Per Lord *Holt*, *Inter-Parishes of Ryslip and Harrow*, 2 *Salk.* 524.) " The residence need not be on the estate, provided it be within the parish." (*Burr. Sett. Cas.* 125. 370.) The evidence in this case does not establish the fact, that the husband, *Samuel Ingraham*, was unable to maintain his wife; but if that fact had been proved, it would be with great difficulty, and extreme reluctance, that I should ever subscribe to the doctrine, that a wife is to be removed from her husband, merely because he is unable to maintain her. The pauper ought to have been removed to *Smithville*, where her husband resided, and not to *Sherburne*, where the land was situated, in which she was entitled to dower. The order of the Sessions ought, therefore, to be quashed.

Order quashed,