Strong, J.
 

 It is not controverted that the account, the amount of which is sought to be recovered in this action, was due to the plaintiffs, and a lien on the vessel, at the time of the application for the attachment, and also at the time of the execution of the bond on which this action is founded; but it is insisted that the said account, and the account for which judgment was recovered in the District Court of the United States, together, constituted a single cause of action, and that the judgment for part of it is a bai to a recovery in this action for the residue. The answer does not, in express terms, allege that the cause of action in the suit in the district court was the same as that in the present suit, but it was treated in the reply as containing substantially that allegation, and must therefore be so regarded by the court. It was essential, in order to present the question raised, that the identity of the cause of action in the different suits should, in some form, be averred in the answer. (3
 
 Chit. Pl.,
 
 928, 9;
 
 Philips
 
 v.
 
 Berick,
 
 16
 
 John.,
 
 187, 140.)
 

 
 *546
 
 The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on- which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits.
 
 (Farrington
 
 v. Payne, 15
 
 John.,
 
 432;
 
 Smith
 
 v.
 
 Jones, id.,
 
 229 ;
 
 Philips v. Berick,
 
 16
 
 id.,
 
 137;
 
 Miller
 
 v.
 
 Covert,
 
 1
 
 Wend.,
 
 487;
 
 Guernsey
 
 v.
 
 Carver, 8 id.,
 
 492;
 
 Stevens
 
 v.
 
 Lockwood,
 
 13
 
 id.,
 
 644;
 
 Colvin
 
 v.
 
 Corwin,
 
 15
 
 id.,
 
 557;
 
 Bendernagle
 
 v.
 
 Cocks,
 
 19
 
 id.,
 
 207,
 
 and cases there cited.)
 
 But it is entire claims only which cannot be divided within this rule, those which are single and indivisible in their nature. The cause of action in the different suits must be the same. The rule does not prevent, nor is there any principle which precludes, the prosecution of several actions upon several causes of action. The holder of several promissory notes may maintain an action on each; a party upon whose person or property successive distinct trespasses have been committed may bring a separate suit for every trespass; and all demands, of whatever nature, arising out of separate and distinct transactions, may be sued upon separately. It makes no difference that the causes of action might be united in a single suit; the right of the party in whose favor they exist to separate suits is not affected by that circumstance,- except that in proper cases, for the prevention of vexation and oppression, the court will enforce a consolidation of the actions.
 

 It is not, as will be seen by the cases, always easy^to determine whether separate items of claim constitute a single or separate cause of action; and this difficulty, connected
 
 *547
 
 with neglect, in some instances, of proper attention to the principle of the rule under consideration, has led to some loose expressions and confusion in the books on this subject.
 
 Farrington
 
 v.
 
 Payne
 
 was a plain case of an indivisible cause of action. A bed and bed quilts were takei at the same time and by the same act, and a recovery in trover for the quilts was held to be a bar to a recovery in trover for the bed. In
 
 Smith
 
 v.
 
 Jones,
 
 actions were brought for goods sold and delivered, the plaintiff, in one, claiming to recover for one barrel of potatoes, and in the other for two barrels of the same article, all sold at the same time. The court held that the demand could not be divided into separate suits. This was also a plain case of one cause of action.
 
 Miller
 
 v.
 
 Covert,
 
 in which the same rule was applied, was a case of a sale of hay, under a contract, delivered in parcels. The demand was held to be entire and indivisible.
 

 In
 
 Guernsey
 
 v.
 
 Carver,
 
 the plaintiff declared on a book account consisting of items of merchandise delivered between the 20th of July and the 27th of August, 1828, amounting to $2.35. The defendant pleaded a former suit for the same identical cause and causes of action. It was proved in the Common Pleas that the plaintiff had an account against the defendant, consisting of twenty different articles of merchandise, delivered on fourteen different days between the 4th of June and the 27 th of August, 1828, amounting to between $5 and $6; that he commenced a suit against the defendant, and exhibited an account of items delivered between the 1st of June and the 19th of July, 1828, amounting to $2.74; that the defendant pleaded a tender in such suit, and obtained judgment for costs. The plaintiff then sued for the balance of such account, viz., for items delivered between the twentieth of July and the twenty-seventh of August. The Common Pleas decided that on a running account, where no special contract was made at the commencement of the account, and where items have been delivered on such account at different times, without any intermediate agreement, each separate
 
 *548
 
 delivery formed a separate and distinct cause of .action, and that separate suits might be maintained on each separate delivery ; and the plaintiff recovered judgment. On appeal to the Supreme Court the judgment was reversed. The court, by Nelsoít, J., after stating that it was settled in that court that if a plaintiff bring an action for part only of an entire and indivisible demand, the judgment in that action is' a conclusive bar to a subsequent suit for another part of the same demand, says: “ This case comes within the reason and spirit of that principle. The whole account being due when the first suit was brought, it should be viewed in the light of an entire demand, incapable of division, for the purpose of prosecution. The law abhors a multiplicity of suits. According to the doctrine of the court below, a suit might be sustained, after the whole became due, on each separate item delivered, and if any division of the account is allowable it must no doubt be carried to that extent. Such a doctrine would encourage intolerable oppression upon debtors, and be a just reproach upon the law. The only just and safe rule is to compel the plaintiff, on an account like the present, to include the whole of it due in a single suit.” The reasoning of the learned justice would make every account consisting of different items, the whole of which is due, an entire demand incapable of division for the purpose of prosecution irrespective of every other consideration. It excludes the idea that it is necessary the claims should have arisen out of a single transaction, or be connected together by contract. This, in my opinion, is carrying the doctrine in question far beyond its just limits.
 
 Stevens
 
 v.
 
 Lockwood
 
 was a case similar to the last, and decided upon similar views. These cases may have been rightly decided, but I cannot assent to all the reasons given for the decisions.
 

 In
 
 Colvin
 
 v.
 
 Corwin,
 
 two suits were brought for lottery tickets sold the defendant. On the trial of the first the defendant admitted he had bought the tickets alleged to have been sold to him, and judgment was rendered for the
 
 *549
 
 plaintiff. The judgment was set up as a bar in the second suit, and on the trial it appeared that the tickets claimed in the suits were delivered to the defendant by two different agents of the plaintiff, at different offices occupied by them, at different times, and it was held by the Supreme Court that the previous judgment was a bar to a recovery. It is manifest that this decision rests on no sound principle, and is not law. A plainer case of distinct independent causes of action could hardly be presented.
 

 Bendernagle
 
 v.
 
 Cocks
 
 was an action for breaches of certain covenants contained in an indenture of lease. A plea in abatement was interposed of an action pending upon the same lease for the alleged breach by the defendant of cove nants therein. It is stated in the reporter’s note that all the causes of action had accrued at the time of the bringing of the first action. The plaintiff replied that the covenants, for the breach of which the first suit was brought, were other, dis tinct and different from the covenants for the breach of which the second suit was brought. The defendant demurred, and the Common Pleas overruled the demurrer, but the Supreme Court reversed the judgment. Cowes, J., who delivered the opinion of the court, reviews and comments upon many of the cases, after which he makes the following observations : “ I admit that the rule does not extend to several and distinct trespasses or other wrongs, nor, as we have seen, to distinct contracts. It goes against several actions for the same wrong, and against several actions on the same contract. All damages accruing from a single wrong, though at different times, make but one cause of action, and all debts or demands already due by the same contract make one entire cause of action. Each comes under the familiar rule that if a party will sue and recover for a portion, he shall be barred of the residue. Proof of that fact would sustain the common issue presented in
 
 Bagot
 
 v.
 
 Williams,
 
 that the plaintiff had before impleaded the defendant, and recovered for the same identical cause of action,” &c.
 

 
 *550
 
 The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or' contracts. Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements. In the case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be; in respect to contracts, express or implied, each contract affords one and only one cause of action. The case of a contract containing several stipulations to be performed at different times is no exception; although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others, the ground of action is the stipulation which is in the nature of a several contract. Where there is an account for goods sold, or labor performed, where money has been lent to or paid for the use of a party at different times, or several items of claim spring in any way from contract, whether one only or separate rights of action exist, will, in each case, depend upon whether the case is covered by one or by separate contracts. The several items may have their origin in one contract, as on an agreement to sell and deliver goods, or perform work, or advance money; and usually, in the case of a running account, it may be fairly implied that it is in pursuance of an agreement that an account may be opened and continued, either for a definite period or at the pleasure of one or both of the parties. But there must be either an express contract, or the circumstances must be such as to raise ail implied contract, embracing all the items, to make them, where they arise at different times, a single or entire demand or cause of action.
 

 Applying this test to the present case, it is very clear that the two accounts did not constitute an entire claim; but, on
 
 *551
 
 the contrary, that they were several and formed two several causes of action. The business of the plaintiffs consisted of two branches, which were designed to be and were kept entirely distinct, in each of which one of the accounts was made, and an arrangement was entered into under which one of the accounts arose anterior to the opening of the other account. Here was no express contract connecting the two accounts; and the facts, instead of warranting the presumption of such a contract, show that separate agreements only, one in regard to each account, were intended.
 

 But assuming that the accounts form only a single demand, upon the other facts in the case the defence must fail. At the time of the issuing of the warrant of attachment, the accounts were a lien on the vessel, and the attachment was issued to enforce the lien as to one of the accounts. By the giving of the bond in suit, and thereby procuring the discharge of the attachment, the lien of that account on the vessel was discharged, and the demand became a mere personal obligation of Locke, the master and owner of the vessel, the plaintiffs holding the bond as security. The legal effect of the transaction was to separate the two accounts in respect to the lien, leaving the account not included in the attachment a lien on the vessel as before. (2
 
 R. S.,
 
 493-496.) It did not satisfy or discharge or in any way affect the latter account, but the same remained valid, with the same legal force and operation in every respect which previously belonged to it. The plaintiffs were entitled to, as they did subsequently, institute a suit
 
 in rem
 
 in the district court and obtain a judgment against the vessel for the amount of said account. The account for which the attachment issued could not have been included in that suit, for tha reason that it was not then a lien on the vessel. It was not, therefore, any part of the cause.of action in the suit against the vessel; and hence the rule, the benefit of which is invoked by the defendants, that a judgment for part of an entire cause of action is a bar to the whole, is inapplicable to the
 
 *552
 
 case. That rule, although a salutary one, is of a technical character, and a case must be brought strictly within it to give it effect.
 

 No error was committed in the rulings upon questions of evidence at the trial.
 

 The judgment must be-affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.