[The learned judge, after disposing of several minor objections to evidence, which he overruled because not sufficiently explicit, concluded that the judgment should be affirmed.]

A majority of the judges concurred.

Judgment affirmed, with costs.

---

## ERIE AND NEW YORK CITY RAILROAD COMPANY *v.* PATRICK.

### September, 1865.

On a subscription paper by which the subscribers are bound severally and not jointly, two subscriptions made at the same time, and by the same person, but one in his individual name, and the other with the addition, *Ex'r.*, are separate contracts on which separate actions will lie.

Hence the pendency of an action for the amount due in respect to one of these subscriptions is not ground for abating a subsequent action on the other.

The Erie & New York City Railroad Company sued Richard Patrick to recover the balance due on a subscription for two

thousand five hundred dollars, for fifty shares of the capital stock of the Erie & New York City Railroad. There were numerous subscribers for the stock, all signing the articles of association, and each for himself, severally, agreeing to take the number of shares set opposite to his name, and to pay for the same by certain installments. The defendant subscribed his name and placed opposite to it fifty shares, two thousand five hundred dollars, and then immediately subscribed his name again, adding thereto the letters *Exr.,* saying he would also take fifty shares for an estate of which he was executor, and writing again opposite the last signature also fifty shares, two thousand five hundred dollars. This action was brought to recover the amount unpaid on this last sum. The referee, by whom the cause was tried, found that, prior to the commencement of this action, the plaintiff commenced an action in the supreme court, and by the complaint claimed to recover upon the contract set forth, one of the sums of two thousand five hundred dollars, less the amount paid thereon, and that issue was joined, and the same was pending and undetermined when this action was commenced; and, further, that, before the commencement of this action, the whole five thousand dollars had become due and payable; and he held and decided that, in judgment of law, the two subscriptions for two thousand five hundred dollars each constituted but one contract for the payment of five thousand dollars; and he ordered the complaint in this action to be dismissed with costs, but without prejudice to the plaintiff's right to bring a new action. The judgment being affirmed at general term, the plaintiff appealed to this court. Other questions arose in the progress of the trial, but the only one now presented was, whether these two subscriptions constituted one entire and indivisible contract.

*The court below,* at general term (where the judgment entered on the report of the referee dismissing the complaint, was affirmed), held that the addition of Exr. to the name of the defendant where it was secondly subscribed might be excluded from consideration, as it had no legal effect and did not bind the defendant in a representative capacity, nor any estate of which he was executor, and that the only claim against him was in his individual capacity; that the addition might be

evidence of the intention of the defendant, but that intention was not material unless carried into effect by some operative act; that the word "Exr." being excluded, the instrument signed by the defendant was an agreement to take and pay for the number of shares set opposite his name. To this agreement the name of the defendant was twice subscribed, with half of the shares set opposite it each time. There was but one instrument containing all the stipulations of the parties, and the contract of the defendant was one and indivisible. The pendency of the other action therefore constituted a defense to this. Citing Secor *v.* Sturgis, 16 *N. Y.* 548.

From the judgment plaintiff appealed to this court.

*Hazeltine & Clark,* for plaintiff, appellant.

*C. Tucker,* for defendant, respondent.

BY THE COURT.—CAMPBELL, J. [After stating facts ]—It is well settled that where a plaintiff brings an action for a part only of an entire and indivisible demand, the verdict and judgment in that action are a conclusive bar to a subsequent suit for another part of the same demand. As was said in Secor *v.* Sturgis, 16 *N. Y.* 548, 554, "it results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits, and, if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits." But it is only entire claims, such as are indivisible in their nature, which cannot be divided—not such as are separate and independent of each other. But the whole subject is fully discussed and numerous authorities in this State cited and commented on in Secor *v.* Sturgis, and it was held in this court in that case, that, where the plaintiffs were carrying on different branches of business—some of the partners managing one branch, and other partners conducting the other branch, and all having a common interest in the whole business—that the prosecution and recovery of a claim, arising out of work and

labor performed by one branch, formed no defense to a claim arising from goods sold and delivered by the other branch, though both claims were due and payable when the first action was commenced.

That decision virtually overruled some of the authorities in this State, as will be seen by a reference to such authorities cited and commented on in the opinion delivered in that case, and to which it is only necessary to refer. That case decides that claims which under some of the former decisions in this State were held to be entire and indivisible, were separate and independent contracts, and might be prosecuted as such at the option of the plaintiffs.

Now, what is the fair construction of the two subscriptions which the defendant made? The agreement which he signed, undertaking to pay for certain shares of stock, was signed by numerous other parties, all signing not jointly but severally, and each subscriber as much bound, irrespective of any other subscriber, as if his name had been signed to another copy of the instrument of agreement. The agreement which the defendant signed was virtually a contract to purchase a certain number of shares of stock thereupon to be issued to him and to pay therefor a certain sum of money. Waiving any consideration of what was said at the time by the defendant of the object he had in view in making his two distinct subscriptions, and looking alone at his acts, what construction is to be put on them? The subscriptions were made at the same time, separately—one of the simple signature—to the other signature the letters *Exr.* were added, showing conclusively that the latter subscription was not an addition to the former, but entirely irrespective and independent of it. That the defendant became personally bound by the latter as well as by the former subscription makes no difference in this view, inasmuch as there was a manifest intent on the part of the defendant to make separate contracts for his purchase of the five thousand dollars of stock. Suppose the defendant had signed at the same time two instruments in the form of promissory notes, both containing subtantially the agreement he entered into; each of the same date and tenor, and reciting that, in consideration of, or for value received in, fifty shares of stock thereupon to be issued to

him, he promised to pay the sum of two thousand five hundred dollars. No doubt can arise but he could be prosecuted on each instrument in separate actions. The defendant did virtually the same thing. He subscribed his name a second time, not by mistake but purposely; not to add to his former subscription, but to make another and independent one; and, whether he signed one paper, or two papers, one the copy or transcript of the other, makes no difference. He declared his intent to make separate contracts, and manifested his intent by his acts. It seems to me very clear, therefore, that the plaintiff's claim is not entire and indivisible, but, on the contrary, it was understood at the time of the subscription that the defendant made two separate contracts, and, also, such is the fair construction to be put upon his acts. It was optional therefore with the plaintiff to commence one or two actions. Whether they should not have been consolidated was another question. But the defendant made no effort in that direction. I am of opinion that the pendency of the action to enforce payment of the first subscription forms no sufficient grounds for abating the action to enforce the second subscription.

The judgment should be reversed, and a new trial ordered.

All the judges concurred, except DAVIES, J., who read an opinion for affirmance.

Judgment reversed, and new trial ordered, costs to abide event.