## MILLS *v.* GARRISON.

### September, 1866.

A debtor's agreement that if the creditor will forbear suing upon the whole of an entire cause of action, and will sue on a part of it, then, in case he recovers, the debtor will pay the balance of the claim, if acted on by the creditor, is an effectual waiver of the objection to splitting the cause of action.

Where defendant had agreed to receive four certain bonds held by plaintiff and pay him a certain sum for the same,—*Held*, that plaintiff might tender any one of the bonds and demand its proportionate share of the money to be paid for the four; and that a judgment against defendant for the proportionate share of the money due for one bond, was not a bar to an action for the share for the others.

Charles H. Mills sued Cornelius Garrison, in the supreme court.

The defendant being indebted to Edward Mills, a brother of the plaintiff, in the sum of two thousand five hundred and forty-four dollars, as a balance for moneys deposited by said Mills with him, and the claim or account having been assigned by Mills to the plaintiff, on February 12, 1857, the defendant deposited with the plaintiff, and he received, as a loan on account of said balance, three bonds of the city of Sacramento, two for one thousand dollars each, and one for five hundred and forty-four dollars and forty-five cents. It was declared in the receipt given for them that the bonds were to be returned, on the final settlement and payment of the balance due to the plaintiff on the assigned claim.

Mills *v.* Garrison.

On March 3, 1857, the defendant deposited with the plaintiff another bond of a similar character for one thousand dollars, as additional security for said balance.

On March 23, 1857, the plaintiff agreed to take all said bonds, for the sum of two thousand five hundred and forty-four dollars, and indorsed that sum on the obligation or receipt of said defendant; and the defendant agreed to receive back the said or similar bonds and to pay plaintiff the above sum for them on demand. On subsequent tender to, and demand on defendant, he refused to take and pay for the bonds, but promised that he would do so, if plaintiff on suing as to the small bond should recover. Plaintiff then sued on the agreement in the marine court, alleging a breach as to the smaller bond, and recovered. Defendant being now sued for a breach as to the other bonds, pleaded the marine court judgment in bar. The plaintiff had judgment for the sum claimed and interest, and the same was affirmed at the general term.

*I. T. Williams*, for defendant, appellant.—The contract was indivisible, and but one action can be had upon it. If plaintiff relied on the promise of the defendant to pay for the other bonds, should plaintiff be successful in the suit in the marine court, he should have sued on that promise, so that defendant could take issue on it. Field *v.* Mayor, *N. Y.* 179; Brazil *v.* Isham, 12 *Id.* 19; New York Central Ins. Co. *v.* National Protection Ins. Co., 14 *Id.* 85; reversing 20 *Barb.* 468; Newell *v.* Salmons, 22 *Id.* 647; Bowman *v.* Eaton, 24 *Id.* 528; Buston *v.* Rensselaer R. R. Co., 9 *Id.* 158.

*Wm. E. Curtis*, for plaintiff, respondent.—The action in the marine court is not a bar to the action, since defendant has waived his right to set it up. 2 *Pars. on Cont.* 35; Brown *v.* Sprague, 5 *Den.* 545; French *v.* New, 20 *Barb.* 481.

JAMES C. SMITH, J.—The only question is, whether the recovery in the marine court is a bar to this action. It is a settled and familiar rule that a single claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, a judgment upon the merits in either

will be available as a bar in the other suits. 16 *N. Y.* 548. The reason of the rule is, that the practice which it prohibits, if encouraged, would lead to intolerable oppression upon debtors, by subjecting them to a needless multiplicity of suits. 8 *Wend.* 492. But it is competent for a debtor to waive the protection of the rule; and no more complete waiver can be suggested than an agreement by the debtor, that if the creditor will forbear suing upon the whole demand, and will sue upon a part of it, then, in case he recovers, the defendant will pay the balance of the claim.

The evidence in the present case would have authorized the jury to find that precisely that agreement was made by the defendant. It does not appear that the defendant asked to have that point submitted to the jury, and therefore he cannot now complain if it was passed upon by the court. But that it was passed upon, either by the court or jury, and found in favor of the plaintiff, must be presumed, in support of the judgment. Now, after the defendant has thus deliberately waived the benefit of the rule, and the plaintiff has acted upon the faith of the waiver, the defendant cannot be allowed to invoke its protection, in order to defeat the plaintiff's just claim. He must abide by his waiver. It is not to be tolerated that a rule of law which was designed to protect debtors from oppression shall be used by them as an instrument of fraud.

The judgment should be affirmed.

DAVIES, Ch. J. [After stating the facts.]—The defendant contends that a judgment recovered and collected of the defendant for the sum of three hundred and ninety-two dollars, represented by said bond for five hundred and forty-four dollars and forty-five cents, was a bar to the action. But this position cannot successfully be maintained. By the true construction of the contract, the plaintiff had the right to demand of the defendant the whole sum due to him, on a tender to him of the four bonds received from him, or similar bonds. The bonds were held as security for the sum, and each bond was held as a security for its proportionate amount thereof. It was optional, therefore, with the plaintiff, at any time to demand the whole sum represented by all the bonds, or the particular sum repre-

sented by each bond. They elected, in the first instance, to demand the sum represented by the smaller bond, which it was conceded was three hundred and ninety-two dollars; and on payment thereof being refused, the action for that sum was commenced in the marine court, and judgment recovered therefor, and, on payment of the same by the defendant, the bond for five hundred and forty-four dollars and forty-five cents was surrendered to him. That judgment is claimed to be a bar to the present action.

As already observed, the claim of the plaintiff, by the terms of the contract between the parties, was severable into four distinct parts or sums, being each for the proportionate part represented by each bond. The plaintiff could, therefore, at any time have demanded payment for the whole sum, or separately for the amount represented by each bond. He elected to demand the sum represented by the smallest bond, and on refusal of the payment of that sum the plaintiff's right of action for such amount was complete. He claimed only to recover this sum in the action in the marine court, and his rights to that were all that were in litigation in that action or passed upon by that court. It is true, that by an arrangement between the parties the defendant agreed to pay the residue due the plaintiff if a recovery was had for that sum; but his non-compliance with that agreement furnishes no ground or reason why the plaintiff cannot recover on the original contract; nor can that action, which by agreement and in fact was limited to the sum represented by the smaller bond, be availed of as a bar to this action. The plaintiff was clearly entitled to recover the balance, which it was conceded to be due to him; and the judgment appealed from should be affirmed, with costs.

All the judges concurred, except MORGAN, J., who did not vote.

Judgment affirmed, with costs.