JOHN ZIMMERMAN et al., Respondents, *v.* PROSPER ERHARD et al., Appellants.

The provision of the act of 1833 (chap. 281, Laws of 1833) in reference to transacting business under fictitious names, which prohibits a person from transacting business in the name of a partner not interested in the business, and which requires that where "& Co." is used it shall represent an actual partner, does not apply to or include the use of the real name of an actual partner, although such a partner is under a disability at the time.

Where, therefore, a firm is composed of a husband and wife, the latter being represented by the "& Co." in the firm name, in the absence of any intention to impose upon the public by obtaining undue credit, and conceding that a married woman cannot be a partner of her husband, this is not a violation of the statute.

Where separate purchases of goods are made at different times upon a credit for a specified time, the different sales do not constitute an entire and indivisible demand, but a cause of action accrues when the term of credit expires as to any one sale, and the vendor may bring separate actions for each sale.

The pendency of an action, therefore, to recover for goods so sold at one date is not a defense to an action for goods sold at a subsequent date.

The rendering of an account by the vendor containing all the items does not change the nature of the contracts, or show that the transactions were not separate and distinct.

(Argued November 11, 1880; decided December 1, 1880.)

Appeal from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made July 15, 1879, affirming a judg-ment of the General Term of the Marine Court of the city of New York, which affirmed a judgment in favor of plaintiffs on trial before a justice of said Marine Court without a jury.

This action was brought to recover for goods alleged to have been sold and delivered to defendants, at different dates, by the firm of Zimmerman & Co., composed of the plaintiffs, on a credit of four months.

The defenses interposed and the material facts are set forth substantially in the opinion.

*Edward Van Ness* for appellants. This action could not be maintained while the first action was pending, as the entire ac-count was past due and constituted but one cause of action. (*Ben-dengel* v. *Cocks*, 19 Wend. 213; *Lane* v. *Cook*, 3 Day, 255; *Bun-nell* v. *Pinto*, 2 Conn. 431; *Guernsey* v. *Carver*, 8 Wend. 492; *Stevens* v. *Lockwood*, 13 id. 644; *Hohf* v. *Meyer*, 42 Barb. 270; *Beekman* v. *Pettier*, 15 id. 550; *Secor* v. *Sturges*, 18 N. Y. 557.) There cannot be such a thing as a partnership between a husband and wife, and the use of her name is as much a fiction in law as if she had no actual existence. (Laws of 1833, chap. 281, § 1; *Swords* v. *Owen*, 43 How. Pr. 176; *In re Boyle*, 1 Tucker's Surr. Rep. 4; *In re Schlichter, in bankruptcy*, B. R. 337; *Manhattan Bank* v. *Thompson*, 58 N. Y. 82; *Owen* v. *Cawley*, 36 id. 600; *Gorman* v. *Conger*, 69 id. 87; *Manches-ter* v. *Shaler*, 47 Barb. 155; *Curtis* v. *Brooks*, 37 id. 476; Par-sons on Part. 27; *Bradstreet* v. *Baer*, 41 Md. 23; *Losel* v. *Davidson*, 3 Allen, 131; *White* v. *Wager*, 25 N. Y. 328, 333; *Winans* v. *Peebles*, 32 id. 423; *Curtis* v. *Brook*, 37 Barb. 476; *Ford* v. *Davidson*, 3 Allen [Mass.], 131; *Manhattan Bank* v. *Thompson*, 58 N. Y. 82; *Scudder* v. *Gori*, 18 Abb. Pr. 223; *Kelso* v. *Tabor*, 52 Barb. 125; *Loomis* v. *Ruck*, 56 N. Y. 462, 464, 465; *Broom* v. *Taylor*, 76 id. 564; *Porter* v. *Mount*, 45 Barb. 423 [see 501]; *Tisdale* v. *Jones*, 38 id. 523; *Wright* v. *Sadler*, 20 N. Y. 323; *Montgomery* v. *Sparkle,*

31 Ind. ; *In re Kinkead*, 3 Bissell's C. C. 405 ; *Perkins* v. *Perkins*, 7 Lans. 19.)

*Thomas V. Cator* for respondents. Chapter 281, Laws of 1833, is highly penal, and its provisions will not be extended. (*Wood* v. *Erie Ry. Co.*, 72 N. Y. 195, 198.) A defendant is bound, when pleading such a defense, to as strict a rule of pleading as though he were pleading the defense of usury, because both defenses rest upon the same ground, viz., that the contract sued upon is void, by reason of the violation of a penal statute. (*Manning* v. *Tyler*, 21 N. Y. 567 ; *Fay* v. *Grimsteed*, 10 Barb. 321 ; *Gould* v. *Horner*, 12 id. 601 ; *Banks* v. *Antwerp*, 5 Abb. Pr. 411 ; *Smalley* v. *Doughty*, 6 Bosw. 66 ; *Nat. Bk.* v. *Olcutt*, 48 Barb. 256 ; *Nat. Bk. of Auburn* v. *Lewis*, 10 Hun, 468 ; *Nat. Bk.* v. *Lewis*, 75 N. Y. 516, 519.) A wife may legally be the co-partner of her husband in business. (1 Parsons on Contracts, 147 [6th ed.] ; *Meeker* v. *Wright*, 76 N. Y. 262 ; *Matteson* v. *N. Y. C. R. R. Co.*, 62 Barb. 373 ; *Powers* v. *Lester*, 23 N. Y. 529 ; 3 Kent's Com. 41 ; *Knapp* v. *Smith*, 27 N. Y. 277 ; *Buckley* v. *Wells*, 33 id. 518 ; *Abby* v. *Dayo*, 44 id. 343 ; *Whedon* v. *Champlain*, 59 Barb. 61 ; *Bogert* v. *Gulick*, 45 How. 385 ; *Merchant* v. *Bunnell*, 3 Keyes, 539 ; *Kluender* v. *Lynch*, 4 id. 361 ; *Gage* v. *Dauchy*, 34 N. Y. 293 ; *Adams* v. *Curtis*, 4 Lans. 164 ; 20 Alb. L. J. 346 ; 1 Blackstone, 442 ; 2 id. 182 ; *In re Kinkead*, 3 Bissell's C. C. 405 ; *Scott* v. *Conway*, 58 N. Y. 619 ; *Better* v. *Rathman*, 61 id. 512.) The disability of a *feme covert* is a personal disability, and the right to plead the same is a personal privilege, and no one can plead it for her. (*Hier* v. *Staples*, 51 N. Y. 136 ; *Freck-ing* v. *Rolland*, 53 id. 422 ; *Smith* v. *Dunning*, 61 id. 249.) The former action was no bar. (*Secor* v. *Sturges*, 16 N. Y. 548 ; *Staples* v. *Goodrich*, 21 Barb. 317 ; 2 Hilt. 340.)

MILLER, J. The defendants interpose, as a defense to the plaintiffs' demand, that the plaintiffs were not copartners, and that the plaintiff John Zimmerman did business under the name of " J. Zimmerman & Co.;" that the words " & Co."

do not represent any real party, and that the same are used in violation of chapter 281, Session Laws of 1833, which provides that " no person shall transact business in the name of a partner not interested in his firm; and when the designation ' and Company,' or '& Co.' is used, it shall represent an actual partner or partners." The defense rests upon the supposition that Mary Zimmerman, the wife of the plaintiff John Zimmerman, was intended by the words " & Co." and that no partnership can exist between husband and wife, and, therefore, the use of the words was illegal and a violation of the statute. That plaintiffs were husband and wife is only established by the testimony of John Zimmerman that the firm was composed of himself and his wife, Mary Zimmerman. Whether Mary was the wife of John Zimmerman at the time of the sale is not shown; nor is there any finding or request to find to that effect. But assuming the proof on this subject was sufficient, we think the use of the words " & Co." for the name of the wife was not a violation of the statute cited.

The provision in question is highly penal and will not be extended. It was intended to prevent the use of the name of a person not interested in a firm, and thus inducing a false credit to which it was not entitled. (*Wood* v. *Erie Ry. Co.*, 72 N. Y. 196, 198.) It does not apply to, and is not intended to include the use of a real name of an actual partner, even although such partner was under a disability at the time. The use, therefore, of the name of a *feme covert*, as one of a firm, where there was no intention to impose upon the public by obtaining undue credit, cannot be regarded as a violation of either the letter or the spirit of the statute cited. The name used in this case was a real one, and the words " & Co. " were in no sense fictitious or unlawful within the meaning of the statute. Without considering the question whether a married woman can be a partner of her husband, it is quite obvious that such disability is not available to the defendant in this action, upon the ground set up in the defendant's answer that the words " & Co. " did not represent a real party, and

the answer referred to constitutes no defense to the plaintiffs' demand.

The defense that another action was pending for the same cause of action is also without merit. The former case, for which a recovery had been had between the parties, was brought to recover the value of goods sold and delivered at a date prior to those for the recovery of the value of which this action is brought; and the proof showed· that they were all sold upon a contract for a credit of four months. Under this state of facts each sale was separate and distinct, and a cause of action accrued when the time of credit expired and as the several amounts became due. The different sales did not constitute one entire and indivisible demand, and the plaintiffs could bring separate actions for each separate sale, or for all of them together, as they saw fit. The different demands were like several promissory notes or several distinct trespasses, and in the nature of separate and distinct transactions, for each of which a separate action might be brought. (*Secor* v. *Sturgis*, 16 N. Y. 548, and authorities there cited; *Staples* v. *Goodrich*, 21 Barb. 317.)

The rendering of an account containing all the items does not change the nature of the contract or evince that the transactions were not separate and distinct. The cases cited to sustain the rule that the account sued upon was entire and could not be split up so as to form the basis of separate causes of action, are only applicable where successive suits are brought for separate items of a current account or for separate installments becoming due under the same contract, and are not analogous to the facts presented in the case at bar.

There was no error, and the judgment should be affirmed.

All concur.

Judgment affirmed.