# N. Y. MARINE COURT.

GEORGE LANE *et al.* agt. THEODORE E. ARNOLD *et al.*

*Partnerships — Continuation of firm name by survivors and legal representatives — Effect of statute — Laws of 1833, chapter* 281.

The evident object of the statute (*Laws* 1833, *chap.* 281) which provides that "no person shall hereafter transact business in the name of a partner not interested in his firm," so as to protect the public from the fraudulent use of firm names, and not to invalidate contracts otherwise legal, except in cases where the policy of the statute has been violated.

M. L. and H. were copartners under the name and style of M. L. & Co. M. died, leaving a will, whereby he appointed C. and E. his executors

and legal representatives, empowering them to represent, manage and carry on in his name, for the benefit of his estate, his interests in said business of M. L. & Co. Pursuant to this power the surviving partners of said firm, in conjunction with said C. and E., continued the firm's business under the old firm name of M. L. & Co., and under such firm name sold goods and made contracts:

*Held*, that the case does not fall within the mischief which the statute was designed to suppress; nor is the transaction one which the law makers, by this highly penal statute, intended to punish and invalidate.

*Special Term, March,* 1882.

McADAM, *J.* — The evidence shows that Pierre A. Mayor, George Lane and Victor A. Hardin were copartners, under the name and style of Mayor, Lane & Co. That thereafter Pierre A. Mayor departed this life, leaving a last will and testament, wherein and whereby he appointed Benjamin L. Coffin and Richard T. Edwards his executors and legal representatives, empowering them to represent, manage and carry on in his name, for the benefit of his estate, his interests in said business of Mayor, Lane & Co. Pursuant to this power the surviving partners of said firm — George Lane and Victor A. Hardin — in conjunction with said Benjamin L. Coffin and Richard T. Edwards, continued the firm's business under the old firm name of Mayor, Lane & Co., and under this name they sold and delivered to the defendants goods upon which a balance of $216.99, with interest, is now due. These facts being conceded, the question has been raised whether the transaction offends that provision of the statute (1833, *chap.* 281) which provides that "no person shall hereafter transact business in the name of a partner not interested in his firm." It being conceded that the plaintiffs do not come within any of the subsequent statutes permitting surviving partners, upon complying with certain conditions, to continue the use of the partnership name, an examination of those statutes becomes unnecessary, and reference need be made only to the one cited.

The evident object of this statute was to protect the public from the fraudulent use of firm names, and not to invalidate

Lane *et al.* agt. Arnold *et al.*

contracts otherwise legal, except in cases where the policy of the statute has been violated (*See Verona Central Cheese Co.* agt. *Murtaugh,* 50 *N. Y.,* 314; *Ward* agt. *Erie Railway Co.,* 72 *N. Y.,* 196; *Zimmerman* agt. *Erhard,* 83 *N. Y.,* 74; *S. C.,* 60 *How. Pr.,* 163).

Pierre A. Mayor was, at the time of his death, a member of the firm, and as such interested therein. Upon his death he directed his executors to continue the business in his name. They united with the surviving members of the firm in carrying out this request, and thus Pierre A. Mayor's interest was continued in the firm and existed there at the time the transaction in question was had, as effectually to all intents and purposes as if Mayor himself were living (*See Story on Partnership, sec.* 319, *a*). The executors of Mayor were his legal representatives in respect to the firm's business. They legally represented his interest, not only in business, but in all his worldly affairs. The propriety or advisability of continuing a business in this way may be open to criticism, and give rise to many embarrassing questions, but these are matters not now necessary to discuss. The case at bar does not fall within the mischief which the statute was designed to suppress, nor is the transaction one which the law-makers, by this highly penal statute, intended to punish and invalidate. The policy of the law is to bring the property of the dead within its protecting aegis, rather than to declare it forfeited by a strict construction of a penal statute. The transaction not being within the spirit and intent of the statute, and the contract being otherwise legal, it follows that the plaintiff is entitled to judgment.