## LANDSBERG v. LEWIS.

(*Fourth District Court of New York City.*　January, 1889.)

1. JUDGMENT—EFFECT—RES JUDICATA.

　　A judgment in an action by an employé for a wrongful discharge, where plaintiff's compensation was in part a salary and in part commissions, is a bar to a subsequent action for the commissions which plaintiff would have earned but for the discharge, though on the former trial the court excluded evidence as to the commissions, on the ground that the pleadings did not justify it, and refused to allow an amendment, assigning as a ground that another action could be brought for the commissions.

2. SAME—SEPARATE CAUSES OF ACTION.

　　The former recovery will not bar an action for commissions earned at the time of the discharge.

*M. Esberg*, for plaintiff.　*H. Fox*, for defendant.

STECKLER, J.　This action is brought by Moses G. Landsberg, as the assignee of Meyer Nebenzahl, to recover $100 damages for breach of contract. The defense, among others, is the plea of estoppel by former judgment. It appeared that Nebenzahl commenced an action against the above-named defendant in the city court to recover $500 damages for the breach of a contract of employment. On June 15, 1887, he recovered a judgment for $100 and costs, which was paid. The complaint in that action alleged that on or about January 6, 1886, the defendants made and entered into a contract with Nebenzahl, whereby they agreed to and did hire and employ him as a salesman for a term of six months, commencing on or about January 11, 1886, at a salary of $10 per week, and in addition thereto agreed to pay him a commission at the rate of 5 per cent. on all retail sales, and 2½ per cent. on all wholesale sales, made by said Nebenzahl for the defendants; that under said agreement, Nebenzahl entered into the defendants' employment, and rendered services for them up to and including March 23, 1886, when he was dismissed from his said employment. On the trial of the action in the city court, Nebenzahl was not permitted, under the ruling of the court, to give any testimony upon the question of the commission account, upon the ground that the claim for commissions was not properly pleaded or set forth in the complaint. The attorney for Nebenzahl asked leave to withdraw a juror in order that the complaint might be amended, but this application was denied; the court holding that a separate action could be brought on account of the damages for the loss of commissions.

This action is twofold: (1) For the recovery of the commissions earned and due at the time of the discharge; and (2) damages for the wrongful discharge, by which Nebenzahl was deprived of earning his commissions on sales which he might have made from the date of dismissal to the end of the contract. Nebenzahl on this trial made no claim for salary. His damages were confined to the loss of commissions. The evidence showed that his average commissions were about $18 or $20 per week prior to his discharge, and that, during the balance of the term for which he was employed, the commission would have been much higher, for the busy season would have set in. It also appears that at the time he was dismissed the defendants owed him $10.41 for commissions, which he had already earned. This suit being for breach of contract, the plaintiff, as the action now stands, cannot even recover the commissions due at the time of discharge, but I shall amend the plaintiff's com-

plaint so as to conform it to the proof, by adding an additional cause of action "for money due on contract." This will enable me to consider the question as to whether the plaintiff can recover this claim.

The defendants maintain that by the former judgment the plaintiff is estopped from claiming any money due under the contract, or damages for the breach thereof. Under the authorities it is clear that the plaintiff can recover the commissions earned and due at the time of the discharge. The case of· *Perry* v. *Dickerson*, 85 N. Y. 345, is authority on this point. Plaintiff brought an action to recover damages for an alleged wrongful dismissal from defendants' employment before the expiration of the stipulated term. It was held that the judgment therein was not a bar to a subsequent action to recover wages and commissions earned during the time plaintiff was actually employed, and due and payable before the wrongful dismissal; that the two claims constituted separate and independent causes of action, upon which separate actions were maintainable. Nebenzahl neither in his complaint nor on the trial of the first action claimed to recover the commissions earned. It was an action solely for damages for the wrongful dismissal. The claim for commissions earned and due before the dismissal and damages for the wrongful dismissal constituted two separate and independent causes of action. The right to recover the commissions was complete and perfect before the right to damages accrued. Upon the wrongful dismissal a new cause of action arose, wholly disconnected in its origin and nature with the claim for commissions. The suit for commissions is brought to recover for services rendered; the action for wrongful dismissal, to recover compensation for the loss of a situation, and for not being allowed to serve and earn wages under the contract.

The wages could not have been proved or recovered under the pleadings in the former action, but as to the other item of damage, to-wit, the loss of commissions on sales that might have been made but for the wrongful dismissal, I am equally clear that no recovery can be had. I think the defendants' position on this branch of the case is impregnable. The plaintiff has but one cause of action, for the breach, which accrues to him at the time of his wrongful discharge. One recovery is a bar to any other growing out of the breach. The plaintiff, by a proper complaint in the first action, could have proved his damages in the loss of commissions from the time of his dismissal till the end of the contract, and the fact that no evidence was given on that trial on the commission account does not prevent the former judgment being considered a complete adjudication of the entire claim for any and all damages arising out of the wrongful dismissal. In *Secor* v. *Sturgis*, 16 N. Y. 548, 553, it was said that the principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. It results from this principle and the rule is fully established that an entire claim, arising either upon a contract or from wrong, cannot be divided or made the subject of several suits, and, if several suits be brought for different parts of such claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits. And it was further held in *Secor* v. *Sturgis*, *supra*, that in the case of torts each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be. In respect to contracts, express or implied, each contract affords one, and only one, cause of action. *Nathans* v. *Hope*, 77 N. Y. 420, held that an entire indivisible demand cannot be split up into several claims, so as to make it the subject of two or more separate actions; and that, where a claim arises upon a contract or from a tort, the entire claim must be prosecuted in a single suit, and several suits cannot be brought for separate parts of such claim. But the plaintiff here claims that, by the direction of the justice on the trial of the

former action in excluding all matters connected with the claim for damages on account of the loss of commissions, upon the theory that a separate action may be maintained therefor, he should be now entitled to recover. This plea is of no avail. When the court refused permission to withdraw a juror for the purpose of enabling the amendment of the complaint, the plaintiff could have discontinued his action, but by proceeding to judgment, and only proving a part of his damages, he took the risk of the attending consequences. The consequences of such a course are obvious. He is now barred from proving any other damage he has suffered. In *Goodman* v. *Pocock*, 15 Adol. & E. (N.S.) 576, the plaintiff was dismissed in the middle of a quarter, and had brought a former action, joining in the declaration counts in *assumpsit* for work and labor, etc., with a special count for a wrongful dismissal. On the trial of that action the judge ruled that the plaintiff could not recover for services in the broken quarter under the special count, because whatever might be due for such services was recoverable under the *indebitatus assumpsit* count only, and that no recovery could be had under that count, because the claim was not included in the particulars. Afterwards the plaintiff brought his action to recover for services in the broken quarter, and it was held that those services should have been proved and allowed as damages in the first action under the special count, and that a second action therefor could not be maintained. The misdirection of the judge in the first action did not prevent the judgment therein operating as an estoppel, upon the well-settled rule that such errors are to be corrected by a direct proceeding in the action in which they are committed, and, besides, in the case of *Perry* v. *Dickerson*, *supra*, the court said: "The law to prevent vexatious or oppressive litigation forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each, and neither in this way, nor by withholding proof of particular items on the trial, or by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented. There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of a contract." It follows, therefore, from the views expressed herein, that the plaintiff is entitled to a judgment for $10.41, with costs.