GARDNER *v.* PATTEN.

*(Common Pleas of New York City and County, General Term.   March 2, 1891.)*

1. SPLITTING CAUSE OF ACTION—ASSIGNMENT OF CLAIM FOR WORK.
   In an action by the assignee of a claim for work done in repairing certain machinery, it appeared that plaintiff's assignor had done work for defendant dur- ing three months under an agreement that work done should be paid for at the end of the month, and had recovered a judgment against defendant for the work done during the first and second months, and had assigned the claim for the third month to plaintiff. The trial court found that the work was done "under the same agree- ment as to payment," but not under the same agreement as to work, and that the claim sued on was for "other work." *Held,* that the assignment to plaintiff was not shown to be splitting a single cause of action.

2. SAME—WAIVER OF OBJECTIONS.
   Since a defendant may waive the benefit of the rule that a single cause of action cannot be split, the refusal of the trial court to find that there was a single cause of action will not be disturbed on appeal, unless all the evidence is in the record, as there may have been evidence of a waiver by defendant.

Appeal from special term.

Action by Walter D. Gardner, as assignee of F. A. Gardner, against E. Jar- vis Patten, for work done and materials furnished in repairing certain ma- chinery for defendant. The work, etc., extended through the months of Sep- tember, October, and November, 1888, and appeared to have been without other contract than that it should be paid for at the end of the month. There was a judgment for plaintiff, and defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*James J. Thomson,* for appellant.   *P. Q. Eckerson,* for respondent.

PER CURIAM. There is no finding of the trial court that the amount sued for here became due under the same contract as the amount for which the plaintiff's assignor recovered in the prior action. The fifth finding is that the work here sued for was done "under the same agreement as to payment," but not that it was under the same agreement as to work, and it expressly states that this was "other work." It would therefore appear that there were two agreements made,—one for the work done in September and October, for which the plaintiff's assignor sued, and another for work and materials furnished during the month of November, for which the assignee now sues,—and that the case is within *Zimmerman* v. *Erhard,* 83 N. Y. 78. Where goods were sold and delivered at different times, it was held that a separate cause of ac- tion arose for each sale and delivery, so that in making this assignment there was no splitting of a single demand. ·

In addition, it may be observed that in the case of *Mills* v. *Garrison,* *42 N. Y. 40, it was held that the debtor may waive the benefit of the rule that a single cause of action cannot be split, and, as all the evidence in this case is not before us, it may be that there was proof which justifies the finding of a waiver. There is nothing in the evidence to negative it, and the court having refused to find that there was a single cause of action, and also having refused

to find that no recovery could be had for this amount, we might assume that there was evidence before him to justify his refusal to find this request.   The judgment should be affirmed upon the record.