PAWTUCKET & NEW YORK STEAMSHIP COMPANY *vs.* NIPPON SILK COMPANY.

JANUARY 6, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of the case in assumpsit to recover a balance due on book account, heard by a justice of the Superior Court, who rendered decision for the plaintiff in the sum of $136.31. The case is before this court on the defendant's exception to this decision.

None of the material facts in the case were in dispute. The plaintiff made numerous deliveries of freight to the defendant at Pawtucket. One so-called "set of deliveries" —the subject matter of the present litigation—extended over the period from October 10 to November 7, 1930, and consisted of the delivery for processing by the defendant of goods consigned to the Lawrence Textile Company. The freight charges for these deliveries total $124.07. Another "set" of shipments, commencing April 21 and ending June 11, 1931, was also delivered to the defendant by the plaintiff, freight charges therefor totalling $152.20. The several items comprising both sets of deliveries were all charged to the defendant on the books of the plaintiff.

On October 7, 1931, the plaintiff caused to be issued two writs instituting actions against the defendant: one—the writ in the present action—to recover $124.07 and the other to recover $152.20. The writs were served within five minutes of each other. In the latter case the plaintiff recovered judgment, now satisfied, and the former case is before us now.

The defendant contends that all the items charged to the defendant's account constituted a single indivisible cause of action for the total balance due the plaintiff, and that by prosecuting to final judgment the suit for a portion of the claim the plaintiff has barred itself from further recovery.

The evidence discloses the fact that there appeared on the plaintiff's books but a single account against the defendant. The course of dealings between the parties and the mode of keeping the account preclude the plaintiff from contending that this case falls within any of the categories of separable actions set forth in *Frost* v. *International Rubber Co.*, 37 R. I. 476, and *Secor* v. *Sturgis*, 16 N. Y. 548, which are clearly distinguishable from the instant case.

This court has held that: "An account is so far treated as one entire demand, unless there is something in the course . . . of the dealings of the parties, or in the mode of keeping it, to indicate a contrary intention, that

it cannot be severed for the purpose of bringing different suits on its different parts. . . . He (plaintiff) may sue for part. If he does so, he cannot afterwards sue for the rest." *Corey* v. *Miller*, 12 R. I. 337; *Potter* v. *Harvey*, 34 R. I. 71; *Grady* v. *Siravo*, 52 R. I. 233.

The application of this rule, avoiding multiplicity of suits, is of such advantage in the orderly administration of justice as to clearly outweigh any apparent hardship which might result to a plaintiff in any individual case.

Nothing in the case before us warrants any departure from the well established rule. By its recovery of a judgment for a portion of its indivisible cause of action, the plaintiff has created a bar to recovery in this action.

The defendant's exception is sustained.

The plaintiff may, if it shall see fit, appear before this court on January 27, 1933, to show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Raymond & Semple, Harold R. Semple*, for plaintiff.
*James G. Connolly, Martin M. Zucker*, for defendant.

