JOHN J. NATHANS, Respondent, *v.* ANTHONY S. HOPE, Appellant.

The holder of several past due promissory notes, against the same parties, may bring separate actions upon each; and a recovery in one, and satisfaction of the judgment, is not a bar to the other actions.

The fact that the notes were given upon settlement of one and the same demand does not make each a part of the original demand, so as to compel the bringing of a single action upon all of the notes.

(Argued May 19, 1879; decided May 27, 1879 )

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon the decision of the court on trial without a jury.

This action was upon a promissory note.

The note in question, with two others, were given to pay and take up three other notes given by defendant in payment of an indebtedness of defendant to one Avery Smith for money loaned. The three original notes were indorsed by the payee to plaintiff. The new notes were made payable to the order of plaintiff. At the time of the commencement of this action another action was also commenced upon one of the other notes so held by plaintiff. Judgment was reversed by plaintiff in that action, which was paid. Defendant set up said judgment and satisfaction as a bar.

Opinion of the Court, per MILLER, J.

*George F. Gardiner*, for appellant. An entire or indivisible claim or demand cannot be split up so as to make it the subject of two or more separate actions. (*Miller* v. *Covert*, 1 Wend., 487; *Stevens* v. *Lockwood*, 13 id., 646; *Smith* v. *Jones*, 15 J. R., 229; *Farmington* v. *Payne*, id., 432; Wells on Res Adjudicata, 204.) The plaintiff had but one claim against defendant; both notes having matured, both were past due and belonged to the plaintiff, he should have brought but one action to recover what was then due. (*Secor* v. *Sturgis*, 16 N. Y., 554; *Hopf* v. *Meyers*, 42 Barb., 272; *Bancroft* v. *Winspear*, 44 id., 209; *Bendernagle* v. *Cocks*, 19 Wend., 207; *Ref. Dutch Ch.* v. *Brown*, 54 Barb., 199.) A recovery in an action for any portion of the plaintiff's claim would bar the entire claim. (*Ref. Dutch Ch.* v. *Brown*, 54 Barb., 199 ; *Farrington* v. *Payne*, 15 J. R., 432.) The judgment in the first suit was a bar to this action. (*Farrington* v. *Payne*, 15 J. R., 432; *Smith* v. *Jones*, id., 229; *Philips* v. *Bericks*, 16 id. 137; *Miller* v. *Covert*, 1 Wend., 487; *Guernsey* v. *Carver*, 8 id., 492; *Stevens* v. *Lockwood*, 13 id., 644; *Colvin* v. *Corwin*, 15 id., 557; *Bendernagel* v. *Cocks*, 19 id., 207; *Moody* v. *Leverich*, 4 Daly, 416; *Draper* v. *Stouvenel*, 38 N. Y., 219; *Secor* v. *Sturgis*, 16 id., 557, 558; *Ref. Dutch Ch.* v. *Brown*, 54 Barb., 199.)

*Charles H. Truax*, for respondent. The two notes not forming a single demand, plaintiff had a right to bring this action. (*Secor* v. *Sturgis*, 16 N. Y., 548, 554, 560.) The rule that a single claim cannot be divided and made the subject of several suits is in the interest of the debtor and may be waived by him. (*O'Beirne* v. *Lloyd*, 43 N. Y., 248; *Mills* v. *Garrison*, 3 Keyes, 40; *Erie R. R. Co.* v. *Patrick*, 2 id., 256; *Cornell* v. *Cook*, 7 Cow., 313.)

MILLER, J. The principle is well settled that an entire indivisible demand cannot be split up into several claims, so as to make it the subject of two or more separate actions : (*Secor* v. *Sturgis*, 16 N. Y., 554.) It follows, as the result

of this rule, that where a claim arises upon a contract, or from a tort, the entire claim must be prosecuted in a single suit, and several suits cannot be brought for separate parts of such claim. Where several suits are brought, the pendency of the first may be pleaded in abatement of the other suit or suits, and a judgment in either will be a bar to a recovery in any other suit.

But this rule does not interfere with the prosecution of separate suits for distinct causes of action, which are not connected with each other and do not constitute an entire claim. Hence it follows that there is no rule of law or principle which prevents the prosecution of several promissory notes in separate and distinct actions, and the holder may maintain an action separately on each note. The same rule applies to separate trespasses. A separate suit may be brought for each one of them; and all demands which arise upon a separate and distinct transaction may be prosecuted separately. (See case last cited.) Where separate actions are brought upon several promissory notes, the party bringing the same runs the risk of an order consolidating all of them into one single action; but a recovery in one is not a bar to any other.

In the case at bar, the note on which the action was brought was one of three given to take up three other notes which were given upon the settlement of an indebtedness to the amount thereof; but this fact did not make each of them a part of the original demand, so as to compel the plaintiff to bring a single action for all the notes. The notes given for the original indebtedness were a settlement of that, to the extent of making each one a separate and distinct cause of action, and there is no principle or authority which sustains the doctrine that a party holding such notes cannot pursue a separate remedy, and maintain a distinct action upon each of them. If an action was brought on the old notes, originally given by the defendant, it would be a defense to such action, that the new notes had been given in the place of the former, and that they had in that manner

been paid.    The authorities cited to sustain the position that the notes given were not a payment, and did not extinguish the debt, have no application where the original demand is divided into different parts by separate notes, as was the fact here.    The new notes are in force and can be separately prosecuted, as is manifest.    There is, therefore, no merit in the defense interposed and the case was properly disposed of on the trial.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.