SAMUEL C. STEELE and SIDNEY B. AVERY, Respondents, *v.* SCOTT LORD, Appellant, Impleaded with WILLIAM C. DWIGHT and Others.

SAME *v.* SCOTT LORD, Appellant, Impleaded with JAMES L. GAGE and Others.

*Judgment — when a collateral security is not merged in it — when it does not bar an action to enforce the latter.*

These two actions were brought by the plaintiffs upon promissory notes, one of which was made by Dwight and the other by Gage, both being indorsed by the defendant Lord. The notes were delivered to the plaintiffs to be held as collateral security for the payment of any advances they might make under and in pursuance to two contracts they had made with Lord. In an action brought by the plaintiffs for a final accounting upon the contracts, a judgment

was obtained for the amount due, which was paid and satisfied. Upon the trial of that action claims for advances made upon two drafts drawn upon the plaintiffs under the contracts were rejected because not included in the bill of particulars, and because each draft referred specifically to one of the notes now sued on. Subsequently the plaintiffs brought a new action upon the said drafts, and were defeated therein upon the ground that as the drafts were provable and recoverable in the former action, they were merged in the judgment recovered therein.

*Held,* that the notes in suit were not merged in the judgment recovered in the action for an accounting, and that neither that judgment nor the judgment recovered in the second action was a bar to the maintenance of this one upon the notes.

APPEALS from two judgments, entered in Monroe county upon the reports of a referee. Each action is upon a promissory note. One note was executed by Dwight and the other by Gage. Each note was indorsed by the defendant Lord, and the notes were delivered by him to the plaintiffs as collateral security for advances made or to be made, by the plaintiffs to the defendant Lord, under two contracts entered into between the plaintiffs and the defendant Lord. The defense relied upon by the defendant Lord is, that the plaintiffs having sued for a final accounting on such contracts, and recovered a judgment for the balance due them, and such judgment having been paid and satisfied, and the said two notes on which these actions were brought having been given as collateral security for such advances were paid by the satisfaction of the judgment upon the contract; that the notes were merged and extinguished by that judgment.

The referee reported adversely to the defendant, and upon his reports the judgments appealed from were entered. The defenses are identical in each action. The facts, with one exception, were admitted upon the trial; and the single fact not admitted, and the facts that were admitted, are all found to be true by the referee's report. By the amended stipulation used upon the trial it was agreed that the pleadings should be deemed sufficient for the admission of the evidence.

The referee found as follows: " That the said plaintiffs took and received said notes as security for advances thereafter to be made, and thereafter made by them, upon drafts made by the said Scott Lord, in and upon a certain contract existing between said parties for the manufacture and sale of certain croquet sets by said Lord,

and for advances upon such contract by said plaintiffs.   *   *   *
The accounts of the said parties in respect to the said croquet sets so
manufactured and sold by the said plaintiffs, and for the advances
made by them upon such contract, have been duly liquidated,
settled and closed between said parties by the judgment and deci-
sion of this court, in an action brought by the plaintiffs against the
said Scott Lord for that purpose, except that in said account and
judgment the promissory notes for which these actions were brought
were not included, and the same remain unpaid to the said plain-
tiffs and in full force and validity." That the judgments so
recovered by the said plaintiffs against the said defendant for
$3,988.98 had been paid and satisfied.

It appears by the case that the referee in the former action disal-
lowed two of the drafts because they were not specified and stated
in the bill of particulars, and because on their face they referred to
the notes now in suit.

After such disallowance of the drafts these respondents com-
menced an action against the appellant to recover the amount due
upon them. Upon the trial of that action the referee decided as a
matter of law that the said drafts were merged and extinguished
in and by the judgment recovered in the first action.

These two actions are commenced upon the promissory notes set
out in the respective complaints, to recover upon the notes against
the maker, and upon the several indorsements thereof by the other
parties, about January 25, 1872. It appears that the appellant, by
agreement with the other defendants, stood in the relation of
principal, and they as sureties to said notes. The actions were
severed and proceeded to trial solely against the appellant. The
report in the action on the drafts was made June 29, 1878, and the
several reports in these actions were made June 13, 1879.

*Lord & Lord,* for the appellant.

*Oscar Craig,* for the respondents.

HARDIN, J.:

Appellant now insists that "the portion of the advances" made
to the appellant under said contracts, to which the excluded drafts
and notes in suit relate, are merged and extinguished in and by said

original judgment, and "that the original judgment is conclusive against the right of recovery of the excluded advances, and against a right of recovery upon the notes now in suit." It affirmatively appears that the advances upon the accommodation acceptances of said two drafts, amounting to about the sum of one thousand dollars, have never been paid in fact. It clearly appears that the two notes involved in the actions now before us were delivered to the respondents as collateral security, and that the appellant is a party as an endorser to the notes, and that upon such endorsement the acceptances and advances were made. And it appears, that the plaintiffs, when they received the notes, did not know that the appellant sustained any other relation to the notes than that of endorser and surety. We are of the opinion that the learned referee is correct in his conclusion, that the former judgment upon the contracts was not a bar to the right of recovery upon the endorsement by the appellant of the promissory notes in these actions, and that the notes were collateral and independent securities in the hands of the plaintiffs, and valid at the time of their delivery, and subsisted and continued and remained as such, for the purpose of securing the payment of the advances made upon the faith of the notes and the several endorsements thereof. The notes in suit remain valid and subsisting obligations against the appellant, and remained unaffected by either of the former judgments. (*Bank of Chenango* v. *Hyde*, 4 Cow., 567; *Butler* v. *Miller*, 1 N. Y., 496–500; S. C., 1 Denio, 407.) The notes in suit were separate and distinct instruments, and the obligation of the respective parties thereto remained until the purpose for which the notes were delivered was accomplished, to wit, the securing of the right to a return of the money advanced by the plaintiffs upon the faith of the notes. (*Nathans* v. *Hope*, 77 N. Y., 420; *Zimmerman* v. *Erhart* (vol. II of the Reporter, Feb. 16, 1881), 220; *Secor* v. *Sturgis*, 16 N. Y., 554.)

The learned referee before whom these actions were tried, has fortified the conclusions we have approved by an elaborate and careful opinion, which meets with our approval. We therefore affirm the judgments entered upon his report.

SMITH, P. J., and HAIGHT, J., concurred.

The judgment in each action affirmed.