Presstman *vs.* Beach.

*Judgments affirmed.*

(Decided 11th January, 1884.)

THOMAS R. PRESSTMAN *vs.* WILLIAM H. BEACH.

*Section 8, of Article 49, of the Code—Consolidation of Cases— Proceedings before Justices of the Peace.*

Five suits were instituted by B. against P. before a Justice of the Peace, upon five several promissory notes, each for the same amount, and all dated on the same day, and payable respectively in eight, ten, twelve, fourteen, and sixteen months after date. The actions were all brought on the same day, and after all the notes had matured. The magistrate rendered judgment in each case in favor of the plaintiff. The defendant appealed, and when the appeals were reached for trial in the Baltimore City Court, he moved that the five cases be consolidated so as to constitute a single suit. The Court overruled the motion and affirmed the several judgments. On appeal from the order overruling the motion to consolidate, it was HELD:

1st. That it was manifest from its terms that section 8, of Article 49, of the Code, has no application to suits instituted before Justices of the Peace, and the Court below was entirely right in refusing the motion to consolidate.

·2nd. That if the separate suits were rightfully instituted before the magistrate, the City Court had no power to do anything but affirm or reverse the several judgments.

·3rd. That for aught that appeared the notes sued on might have been interest notes on a loan secured by mortgage, or otherwise. And if such were their origin the plaintiff had the right to bring separate suits upon them before a magistrate, even though he did not do so until they had all matured.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J., and submitted for the appellant.

*Thomas R. Presstman, in propria persona.*

*Louis Hochheimer,* for the appellee.

MILLER, J., delivered the opinion of the Court.

From this record it appears that five suits were instituted by the appellee against the appellant, before a justice of the peace, upon five several promissory notes, each for the sum of $52.76. These notes were all dated the 2nd of March, 1881, and were payable respectively in eight, ten, twelve, fourteen, and sixteen months after date. The actions were all brought on the 4th of August, 1882, after all the notes had matured. The magistrate rendered judgment in each case in favor of the plaintiff for the amount of the note, with interest until paid, and costs. The defendant took an appeal in each case, and when the appeals were reached for trial in Baltimore City Court, he filed a petition stating that the aggregate amount of the notes exceeded the jurisdiction of the justice and of the Court in cases of appeals from magistrates' judgments, and

he therefore moved the Court that these five cases may be *consolidated* so as to constitute a single suit. The Court overruled this motion and affirmed the several judgments of the justice, with costs, and from the order overruling this motion to consolidate, the defendant has taken an appeal to this Court.

It is manifest from its terms that section 8, Art. 49, of the Code, has no application to suits instituted before justices of the peace. It provides that where two or more actions on obligations conditioned for the payment of any money, or two or more actions on the case arising *ex contractu,* by and between the same plaintiff and the same defendant, shall be brought *at the same term,* the Court in which such actions are pending shall, on motion of the defendant, order the said actions to be consolidated, and when consolidated, shall *direct the clerk* to tax the costs of but one action. The Court was, therefore, entirely right in refusing the motion to consolidate. If the separate suits were rightfully instituted before the magistrate the City Court, on appeal, had no power to do anything but affirm or reverse the several judgments.

But the appellant, in his brief, says the design of his motion was to effect consolidation and a *dismissal of the proceedings* for want of jurisdiction, because these notes were a mutilation or splitting up of *one and the same indebtedness,* which, in its aggregate, largely exceeded the sum of one hundred dollars. In answer to this it is sufficient to say there is nothing in this record to warrant the inference that these notes were in their inception a "splitting up" of one and the same original indebtedness for the purpose of giving a magistrate jurisdiction in five separate cases, and of avoiding the jurisdiction of the regular Courts. There is not even an allegation to that effect in the appellant's petition. The notes, on their face, are payable at different periods, and for aught that appears, may have been interest notes on a loan secured by mort-

gage or otherwise. If such was their origin the plaintiff had the undoubted right to bring separate suits upon them before a magistrate, and the fact that he did not do so until after they had all matured makes no difference, because, as we have shown, the section of the Code relating to the consolidation of actions has no application to such cases.

So far as the record discloses, the appellant has failed to make out a case entitling him to any relief against these judgments either on the appeals to the City Court or by application to a Court of equity for an injunction. The City Court has done nothing in excess of its power and jurisdiction over appeals from magistrates' judgments, and the appeal to this Court must, therefore, be dismissed.

　　　　　　　　　　　　　　　*Appeal dismissed.*

(Decided 11th January, 1884.)