B. S. WILLIAMS & Co., Appellants, v. CLEMENT A. KITCHEN, Respondent.

St. Louis Court of Appeals, April 15, 1890.

Former Recovery. Although two promissory notes are given in one transaction by a common maker to a common payee, they constitute independent causes of action, and the recovery of judgment upon one of them in a suit brought by the payee against the maker after the maturity of both will not debar a recovery on the other.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

STRICKEN FROM DOCKET for failure of the record to show an appeal.

*Houck & Keaton*, for the appellants.

ROMBAUER, P. J., delivered the opinion of the court.

The following uncontroverted facts appear from the record. The defendant in part payment of a windmill gave to plaintiffs two promissory notes for one hundred and eighteen dollars and eighty-three cents each, one payable August 4, 1884, including days of grace, and the other payable May 4, 1885, and both bearing eight per cent. interest from maturity. Both notes remaining unpaid, the one last maturing was first sued, and the

plaintiffs recovered judgment thereon which the defendant satisfied.    Subsequently the plaintiffs instituted the present action on the note first maturing, and the circuit court, upon the trial of it, rendered judgment in favor of the defendant on the ground, as the record recites, "that both notes were given in the same transaction, to-wit, the purchase of a windmill by the defendant from plaintiffs, each for a part of the consideration of said windmill, and that they were both due when the first suit was brought on the note last due."

It will thus appear that, on the uncontroverted facts, the plaintiffs were entitled to judgment for the amount of the note sued on with interest from maturity at the rate of eight per cent. per annum.    It is an elementary proposition that every promissory note is an independent and separate cause of action, and it is evident that the principle of former recovery was thoroughly misunderstood and misapplied by the trial court.    We regret that, under these circumstances, we cannot make a final disposition of the cause now ; but the record before us fails to show that an appeal has ever been allowed in the case, and hence we must strike the cause from our docket, and remit the plaintiffs to their remedy of bringing it here by writ of error, unless their claim should be satisfied by the defendant.    All the judges concurring the case is stricken from the docket.