### AARONSON v. DAVID MAYER BREWING CO.

(City Court of New York, General Term.    March 6, 1899.)

ABATEMENT—PENDENCY OF ANOTHER SUIT—ACTIONS FOR INSTALLMENTS.
    The pendency of an action for an installment of rent on a guaranty of a lease is no bar to a suit for a subsequent installment which was not due when the first suit was commenced.

Appeal from trial term.

Action by Rachel Aaronson against the David Mayer Brewing Company.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

B. Lewinson (Max J. Kohler, of counsel), for appellant.
H. B. Wesselman (David McClure, of counsel), for respondent.

SCHUCHMAN, J.    The appeal in this action involves the same questions discussed in action No. 1.    56 N. Y. Supp. 387.    There is, however, an additional defense set up, to wit:    "That at the time of the commencement of this action there was, and there is now, pending undetermined in this court a suit wherein this plaintiff is plaintiff and this defendant is defendant, involving the same cause of action."    Action No. 1 is brought on the guaranty, to recover the rent of July month, which is payable in advance.    Notice of nonpayment thereof was given to the guarantor on July 30th, and within 30 days thereafter suit could have been commenced against the guarantor.    The suit was commenced on September 4, 1896.    Action No. 2 is brought to recover the rents of the months of August and September, payable in advance.    Notice of nonpayment of the rent for August month was given on August 5th, and for September month on September 2d.    This action was commenced on October 23, 1896.    Either action No. 1 or 2 accrued within 30 days after notice of default to guarantor.

When action No. 1 was commenced, the 30-days notice stipulated for in the guaranty for the bringing of a suit against the guarantor for the rents of August and September months had not expired; in other words, the contingency upon which the bringing of this suit depended had not arisen. The rule of law is that each default in the payment of money due upon a contract payable in installments may be the subject of an independent action, provided it is brought before the next installment becomes due. Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292; Underhill v. Collins (Sup.) 15 N. Y. Supp. 495; Nathans v. Hope, 77 N. Y. 420; Perry v. Dickerson, 85 N. Y. 345.

Judgment and order appealed from affirmed, with costs.

CONLAN, J., concurs.