### JOHNSON v. AUSTIN.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. CONTEMPT PROCEEDINGS—FALSE SWEARING—BURDEN OF PROOF.
   In proceedings to punish a person for contempt for falsely qualifying on a bond to release property from a lien, the burden of proof was on the plaintiff to show that defendant falsely swore he was worth twice the amount of the bond.

2. SAME—DEGREE OF EVIDENCE.
   The falsity must be proved beyond a reasonable doubt.

3. SAME—EVIDENCE—SUFFICIENCY.
   In contempt proceedings, for falsely qualifying on a bond given to release property, from a mechanic's lien, evidence examined, and *held* insufficient to prove that defendant was insolvent at the time he qualified.

Appeal from special term, Kings county.

Action by John Johnson against John C. Austin. From an order adjudging defendant guilty of contempt, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George F. Alexander, for appellant.
Theodore B. Gates, for respondent.

GOODRICH, P. J. The defendant, Austin, has been adjudged guilty of contempt on the ground that he executed a false and fraudulent bond in the sum of $600, to discharge a mechanic's lien on real property, and justified in an affidavit in which he falsely swore that he was worth double the amount of the bond over and above all his debts and liabilities, and exclusive of property exempt from execution.

The bond was dated in August, 1896. In September, 1900, Austin instituted proceedings for involuntary bankruptcy. The schedules showed debts amounting to over $46,000 and no assets. About $28,000 of the debts arose upon bonds secured by mortgage upon real estate, executed by him previously to the bond in this proceeding. There were equities in the real estate owned and valued by Austin at over $15,000. Some of the mortgages were foreclosed, and some of the real estate was conveyed by Austin for cash or in payment of debts.

The schedules in bankruptcy show that the remainder of Austin's debts was contracted some time in 1896, and down to 1898. It does not appear that when the bond in suit was executed Johnson had any liabilities other than the bonds and mortgages. It was incumbent upon the plaintiff to show the insolvency of Austin when he gave the bond in suit; and this, it seems to me, he has failed to do. As this proceeding deprives Austin of trial by jury, the fact of his insolvency should be made to appear beyond a reasonable doubt, and also that he has been guilty of perjury. Norwood v. Manufacturing Co., 11 Civ. Proc. R. 273. It has also been held that as a proceeding to punish a person for contempt in refusing to give evidence is in its nature an exception to the provisions of the constitution, and deprives a man of his liberty without a regular trial by jury, it cannot be extended in the least degree beyond the limits which have been imposed by statute. Rutherford v. Holmes, 5 Hun, 317, affirmed 66 N. Y. 368. This reasoning is equally applicable to the present proceeding. The language of the court in Nathans v. Hope, 77 N. Y. 420, seems peculiarly applicable to the case at bar:

"The fact that some years after Satterlee became insolvent does not disprove his uncontradicted evidence of his solvency when the undertaking was executed. He was engaged in a hazardous business, and some of his debtors in 1878 subsequently became insolvent. We think the facts disclosed did not justify a finding that Satterlee falsely swore to the affidavit of justification. For this reason, and without considering any other question, the orders of the general and special terms should be reversed."

I do not think it is established by the plaintiff's affidavits used on the motion that Austin was insolvent when he executed the bond, much less that he knew that to be the fact. Indeed, so far as the evidence shows, he was not insolvent.

The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.