TOBIAS KLIPSTEIN, Plaintiff, *v.* WOLFSON HOLDING CORPORATION and Others, Defendants. (6 actions.)

Municipal Court of the City of New York, Borough of Manhattan, First District, June, 1922.

**Bills and notes — series of notes — separate action on each may be maintained although all are past due — separate agreement accelerating date of maturity.**

It is well settled that where there are several promissory notes between the same parties given in the same transaction, separate actions may be maintained upon each of the notes, although all are past due, whether those notes are past due by reason of a mere lapse of time, or by reason of a separate agreement accelerating the date of maturity on the happening of a contingency such as a default in payment of one note.

A series of nine promissory notes given in one transaction as part of the purchase price of various other notes were made by the defendant corporation and prior to delivery to plaintiff were indorsed by the individual defendants. At the making of the notes and as a part of the same transaction all of the defendants agreed in writing that if any of the nine notes were not paid at maturity and remained unpaid for ten days thereafter, then the balance of the notes unpaid should immediately become due and payable. Upon default in payment of one note of the series plaintiff under the acceleration agreement brought separate actions on seven notes of the series, and though judgment recovered on one of them was paid it was conceded that the other six notes were not paid at matur-

Municipal Court of New York, June, 1922. [Vol. 119

ity or for ten days thereafter. The six actions were tried together and at the trial supplemental answers filed by consent pleaded as an affirmative defense that the judgment in the other action was a bar to any recovery in the actions then on trial, and the facts were stipulated. Upon rendering judgment in favor of plaintiff in each action, *held,* that each of the notes of the series constituted a separate and distinct contract or demand, and a consequent separate and distinct cause of action, and as such need not be enforced in a single action.

The defendants having made the acceleration agreement must be held to have contemplated that separate actions could and would be brought upon the several notes, which, despite said agreement, were negotiable, and defendants have no cause to complain of a multiplicity of suits.

SIX separate actions on a series of promissory notes.

*Goldstein & Goldstein (Aiken A. Pope,* of counsel), for plaintiff.

*Isidor Lazarus,* for defendant Wolfson Holding Corporation.

*Louis B. Boudin,* for defendants M. William Berman and Joseph Wolfson.

GENUNG, J. These are six separate actions on six promissory notes, all dated December 31, 1921, each in the sum of $1,000. These are part of a series of nine notes given in one transaction as part of the purchase price of other choses in actions, consisting of various other notes. The first of these notes was payable three months after date, and the other notes were payable one each succeeding month thereafter. These notes were made by the defendant corporation and prior to their delivery to the plaintiff were indorsed by the individual defendants. At the time when the notes were executed and as part of the same transaction the following agreement was signed and delivered by the defendants:

" IT IS AGREED that if any of the nine notes made by the WOLFSON HOLDING CORPORATION, and endorsed, individually, by M. William Berman and Joseph Wolfson are not paid at maturity and remain unpaid for ten days thereafter, then the balance of the notes unpaid, shall immediately become due and payable.
" Dated, NEW YORK, Dec. 31, 1921.
                    " WOLFSON HOLDING CORPORATION
                    " M. WILLIAM BERMAN
                         " Prest. & Individually
                    " JOSEPH WOLFSON
                         " Secy. & Individually."

The defendants defaulted in the payment of one note of the series for a period of more than ten days and thereafter plaintiff commenced seven separate actions on seven notes of the series, obtaining judgment on one of the notes, which was paid. These

actions were brought by virtue of the agreement, accelerating the date of maturity of all the notes of the series upon the default in payment of any one of said notes for a period of ten days. It was conceded that these six notes were not paid at maturity or even ten days thereafter.

The original answers interposed by the defendants consisted of denials, amounting to general denials of the cause of action alleged in the complaint, and alleged certain affirmative defenses, one to the effect that the notes mentioned in the complaint herein were never delivered but were merely deposited in escrow to be delivered upon the performance by the payee of certain acts which he never performed and a second defense to the effect that another action was pending in the same court between the same parties for the same cause of action. At the trial, by consent, supplemental answers were filed, containing the same denials, but substituting for the second affirmative defense that the plaintiff recovered judgment in the said other action and that the recovery of such judgment is a bar to any recovery in these actions. These six actions were tried together and the facts were stipulated by the attorneys for the parties.

The question presented is whether the holder of a number of past due promissory notes against the same parties, each note being one of a series, and each and all of the notes having been given upon settlement of one and the same demand, and each and all of the notes having become due by reason of one default, as provided in an agreement accelerating the date of payment by reason of such default, may bring separate actions upon each of the notes, or is compelled to bring one action upon all the notes. In other words, has the holder of such past due notes but one entire and indivisible right of action, which cannot be split up into separate actions on each of the notes, or has he a separate right of action on each note, which actions may be consolidated or may be prosecuted separately?

The plaintiff claims that as holder of the notes he could bring separate actions upon each of the notes, and that a recovery in one of the actions and satisfaction of the judgment is not a bar to the other actions. The fact that the notes were given as a part of the same transaction or in settlement of one and the same demand, does not make each a part of the. original demand so as to compel the bringing of a single action upon all of the notes. *Secor* v. *Sturgis*, 16 N. Y. 548; *Nathans* v. *Hope*, 77 id. 420; *Steele* v. *Lord*, 28 Hun, 27; *Butterfield* v. *Town of Ontario*, 44 Fed. Rep. 171; *Starnes* v. *Mutual Loan & Banking Co.*, 102 Ga. 597; *Williams* v. *Kitchen*, 40 Mo. App. 604; *Presstman* v. *Beach*, 61 Md. 203;

*Ferguson* v. *Culton*, 8 Tex. 283. The leading case in this state on the question of joinder and splitting of actions is *Secor* v. *Sturgis*, 16 N. Y. 548, decided in 1858. At page 554, Strong, J., speaking for the Court of Appeals, lays down the following general rule: " The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that *an entire claim*, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits [citing authorities]."

The court, however, limited and explained the application of the rule in the following words (p. 554): " *But it is entire claims only which cannot be divided within this rule, those which are single and indivisible in their nature. The cause of action in the different suits must be the same. The rule does not prevent, nor is there any principle which precludes, the prosecution of several actions upon several causes of action. The holder of several promissory notes may maintain an action on each;* a party upon whose person or property successive distinct trespasses have been committed may bring a separate suit for every trespass; and all demands, of whatever nature, arising out of separate and distinct transactions, may be sued upon separately. *It makes no difference that the causes of action might be united in a single suit; the right of the party in whose favor they exist to separate suits is not affected by that circumstance, except that in proper cases, for the prevention of vexation and oppression, the court will enforce a consolidation of the action.*"

The same principle was established as the law of this state by the Court of Appeals in the case of *Nathans* v. *Hope, supra.* In that case plaintiff brought an action upon a promissory note. The note in question with two others was given to pay and take up three other notes given by defendant in payment of an indebtedness of defendant to one Smith for money loaned. The three original notes were indorsed by the payee to plaintiff. The new notes were made payable to the order of the plaintiff. At the time of the commencement of that action the plaintiff had obtained judgment and satisfaction thereof on another of the notes. All of the notes were past due when the first action was brought. The defendant set up the prior judgment and satisfaction as a bar. Miller, J., speaking for the Court of Appeals (pp. 421–423),

after reiterating the general rule as laid down in *Secor v. Sturgis, supra,* denied the sufficiency of defendant's plea in the following opinion:

" *But this rule does not interfere with the prosecution of separate suits for distinct causes of action, which are not connected with each other and do not constitute an entire claim.     Hence it follows that there is no rule of law or principle which prevents the prosecution of several promissory notes in separate and distinct actions, and the holder may maintain an action separately on each note * * *.* Where separate actions are brought upon several promissory notes, the party bringing the same runs the risk of an order consolidating all of them into one single action; but a recovery in one is not a bar to any other.

" In the case at bar, *the note on which the action was brought was one of three given to take up the three other notes which were given upon a settlement of an indebtedness to the amount thereof; but this fact did not make each of them a part of the original demand, so as to compel the plaintiff to bring a single action for all the notes.     The notes given for the original indebtedness were a settlement of that, to the extent of making each one a separate and distinct cause of action, and there is no principle or authority which sustains the doctrine that a party holding such notes cannot pursue a separate remedy, and maintain a distinct action upon each of them.*    If an action was brought on the old notes originally given by the defendant, it would be a defense to such action, that the new notes had been given in the place of the former, and that they had in that manner been paid.    The authorities cited to sustain the position that the notes given were not a payment, and did not extinguish the debt, have no application when the original demand is divided into different parts by separate notes, as was the fact here.    The new notes are in force and can be separately prosecuted, as is manifest. There is, therefore, no merit in the defense interposed and the case was properly disposed of on the trial."

*Nathans v. Hope, supra,* was followed in the case of *Steele v. Lord, supra.*    In this latter case two notes were given as collateral security for advances thereafter to be made by the plaintiff to one Lord pursuant to two contracts which the plaintiff had with Lord. Lord was an indorser of the notes in question.    Plaintiff brought an action for a final accounting on the contract and a judgment was obtained for the amount due, which was paid and satisfied. His claims for advances made upon two drafts drawn upon the plaintiffs under the contracts were rejected because not included in the bills of particulars and because each draft referred specifically to one of the notes sued on.    In an action on the drafts plaintiffs

were defeated upon the ground that as the drafts were provable and recoverable in the former action, they were merged in the judgment recovered therein. It was held, in an action brought on the notes, that the notes in suit were not merged in the judgment recovered in an action for an accounting and that neither that judgment nor the judgment recovered in the second action was a bar to the maintenance of this one upon the notes. At page 30 the court makes observations decidedly germane to the issue in this case (Hardin, J., 4th Dept.): " We are of opinion that the learned referee is correct in his conclusion, *that the former judgment upon the contracts was not a bar to the right of recovery upon the endorsement by the appellant of the promissory notes in these actions, and that the notes were collateral and independent securities in the hands of the plaintiffs and valid at the time of their delivery, and subsisted and continued and remained as such,* for the purpose of securing the payment of the advances made upon the faith of the notes and the several indorsements thereof. *The notes in suit remain valid and subsisting obligations against the appellant and remain unaffected by either ·of the former judgments. (Bank of the Chenango* v. *Hyde,* 4 Cow. 567; *Butler* v. *Miller,* 1 N. Y. 496–500; S. C., 1 Denio, 407.) The notes in suit were separate and distinct instruments, and the obligation of the respective parties thereto remained until the purpose for which the notes were delivered was accomplished, to wit, the securing of the right to a return of the money advanced by the plaintiffs upon the faith of the notes. (*Nathans* v. *Hope,* 77 N. Y. 420; *Zimmerman* v. *Erhard,* Vol. 2 of the Reporter, Feb. 16, 1881, 220; *Secor* v. *Sturgis,* 16 N. Y. 554.)"

In *Butterfield* v. *Town of Ontario, supra,* the question was raised in a suit on interest coupons attached to negotiable bonds. It was held that interest coupons attached to negotiable bonds are distinct and independent promises to pay the interest in installments, and a recovery on one is no bar to suit on another, though the latter was past due when the first action was brought. Wallace, J., speaking for the Federal court of the northern district of New York, applied New York law and followed the authority of *Nathans* v. *Hope:* " As a defense to this action the defendant invokes the familiar doctrine that a party cannot split an entire and indivisible demand, and bring an action on part of it, and a subsequent action on the other part, and that the judgment in the action first brought is a good bar to the second action. The plaintiff brought an action against the defendant to recover upon interest coupons of municipal bonds owned by him, and recovered judgments thereon. The present action is brought upon coupons

of the same bonds which had matured when the former action was brought and were then annexed to the bonds. * * * *When the promise for the payment of interest installments in the bond is supplemented by promises in the form of negotiable paper, that circumstance implies that the obligee is at liberty to sell the different promises, and transfer them to others, at his pleasure, before or after they mature; and it would be utterly unreasonable to hold that he could not do this without prejudicing his right to recover on one or more of them in case others which he has sold, though maturing earlier, should not have been sued upon. It is quite immaterial that they all represent an indebtedness arising out of one contract or a single transaction. Nathans v. Hope, 77 N. Y. 420. Coupons are distinct and independent promises for the payment of the interest installments, and have all the attributes of commercial paper."*

Able courts of last resort in other jurisdictions have passed on the question here presented and reached a conclusion in accord with the rule of *Nathans* v. *Hope, supra. Starnes* v. *Mutual Loan & Banking Co., supra; Williams* v. *Kitchen, supra; Presstman* v. *Beach, supra; Ferguson* v. *Culton, supra.*

It is, therefore, clear that the settled law of this state as well as of other jurisdictions is that where there are several promissory notes between the same parties given in the same transaction, separate actions may be maintained upon each of the several notes although all are past due, whether those notes are past due by reason of a mere lapse of time or by reason of a separate agreement accelerating the date of maturity on the happening of a contingency such as, in the case at bar, a default in the payment of one note in the series. *Each of several promissory notes constitutes a separate and distinct contract or demand and a consequent separate and distinct cause of action, and as such need not be enforced in one action, no matter whether the notes were given as a part of one transaction, or several.*

The defendants claim that these are not actions on the promissory notes, but are founded upon a special contract, upon the agreement accelerating the date of payment of the notes upon the happening of a default in the payment of one of the notes of the series, which is the same contract upon which the plaintiff recovered judgment in the former action. They claim, if the actions were based upon the promissory notes, the defendants would be entitled to judgment, because none of these notes was due and payable by its terms at the time of the commencement of these actions. In other words, they claim that the complaints show the plaintiff is not entitled to recover upon these promissory notes, as such, but upon the special contract, and that his cause of action is, therefore,

upon that contract. The defendants claim that the breach of this contract gives rise to only one cause of action, and the bringing of another action for breach of the contract is a defense to any subsequent action based thereon, and the recovery of judgment in such an action is a bar to any further recovery upon any action based thereon. In support of this proposition the defendants cite, among other cases, *Secor* v. *Sturgis, supra,* but they seem to rely on *Banzer* v. *Richter,* 68 Misc. Rep. 192; affd., 146 App. Div. 913. In the latter case plaintiff sued on fifty-two promissory notes for the total sum of $3,466.32. These notes were made with others in the same amount on December 16, 1907, for $66.66 each, one of which became due each month thereafter. The notes were given pursuant to a sale or contract covering certain fixtures, good will and merchandise. The contract provided that in the event of a default in the payment of one note, the balance of the notes should become immediately due and payable. A chattel mortgage on the property covered by the contract was also given which contained a similar acceleration clause as to the default in the payment of any of the notes. There was default in the payment of several of the notes on which actions were brought and judgments and satisfaction thereof were obtained. Action on the fifty-two notes remaining was then brought in one suit. The defense was interposed that when the prior actions were brought all of the notes were absolutely due and payable and could and should have been sued upon and the total amount recovered in one action, and that by recovery of a part of the amount only, the prior judgments were a bar to subsequent actions. Both parties moved for judgment on the pleadings. The defendant's motion was denied; plaintiff's motion was granted conditionally.

In the opinion at Special Term, Kings county, the following statement of the rule in the leading case of *Secor* v. *Sturgis, supra,* is quoted with approval by Mr. Justice Crane: " The true distinction between demands or rights of action which are single or entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements. In the case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be; in respect to contracts, express or implied, each contract affords one and only one cause of action. The case of a contract containing several stipulations to be per-

formed at different times is no exception; although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others, the ground of action is the stipulation which is in the nature of a several contract."

The court, however, did not refer to the express limitation stated in *Secor* v. *Sturgis, supra,* to the effect that " it is entire claims only which cannot be divided within this rule, those which are single and indivisible in their nature. * * * The rule does not prevent, nor is there any principle which precludes, the prosecution of several actions upon several causes of action. *The holder of several promissory notes may maintain an action on each.* * * * It makes no difference that the causes of action might be united in a single suit; the right of the party in whose favor they exist to separate suits is not affected by that circumstance, except that in proper cases, for the prevention of vexation and oppression, the court will enforce the consolidation of the actions."

The court did not refer to the later case of *Nathans* v. *Hope, supra,* which has been the established law of this state for many years, but did cite the case of *Pakas* v. *Hollingshead,* 184 N. Y. 211. In the latter case the action was brought for the breach of an executory contract to sell and deliver goods in installments. The plaintiff recovered for the breach of the contract by failure to deliver an installment due and then subsequently attempted to sue for failure to deliver the balance under the contract. It was held that the contract was one and entire and that there was a total breach of the contract by the failure to deliver one installment. The plaintiff having recovered damages for the breach by failure to deliver that installment, could not maintain subsequent successive actions for failure to deliver the balance; that plaintiff must either recover all his damages in the first suit or wait until the contract matured or the time for the delivery of all the goods had arrived. Not having done so, the plaintiff was debarred from maintaining the action. The *ratio decidendi* of the opinion is set forth at page 214, to the effect that " inasmuch as there was a total breach of the contract by the defendant's refusal to deliver, the plaintiff cannot split up his demand and maintain successive actions, but must either recover all his damages in the first suit or wait until the contract matured or the time of the delivery of all the goods had arrived. In other words, there can be but one action for damages *for a total breach of an entire contract to deliver goods,* and the fact that they were to be delivered in installments from time to time does not change the general rule."

There is a distinction between the case of *Banzer* v. *Richter, supra,* and the case at bar both as to the facts and as to the rule of law

to be applied. In the former case the promissory notes were given as part of the same transaction, as in the case at bar, but with a difference. In the former case there was a sales contract which represented a debt of the defendant, there was a chattel mortgage which represented the same debt, and there were the promissory notes representing several debts. The acceleration agreement was contained in the sales contract and the chattel mortgage, which in themselves were instruments of indebtedness. In that case the court apparently held that all the instruments in question constituted the same original indebtedness and the default in the payment of one note merged all three types of instruments into one entire and indivisible debt and cause of action. The opinion in *Banzer* v. *Richter, supra,* is not controlling in the instant case within the rule that general expressions in an opinion must be read with due regard to the facts of the case and to the points there at issue. See remarks of Marshall, Ch. J., in *Cohen* v. *Virginia,* 6 Wheat. (U. S.) 264, 399; Martin, J., in *Crane* v. *Bennett,* 177 N. Y. 106, 111, 112.

In the case at bar there were only the series of promissory notes and the acceleration agreement. The record only shows that the notes in question were given in one transaction as part of the purchase price of other choses in action consisting of various other notes. The acceleration agreement is not a certificate of indebtedness in itself, nor is it a part of any certificate of indebtedness. Its sole and only purpose and legal effect was to accelerate the date of maturity of the notes in suit. It could by its terms and by the facts of the case have no other purpose and effect. There was no other indebtedness of defendants to plaintiff upon which it could act, such as a bill of sale or a chattel mortgage as in *Banzer* v. *Richter, supra,* and thus merge the notes into one entire and indivisible cause of action. In short, the acceleration agreement has the same legal effect as if the terms thereof were written on each and every one of the notes as was the case of the note sued upon in the case of *Chicago Railway Co.* v. *Merchants' Bank,* 136 U. S. 268, 269, in which the Supreme Court of the United States held that such notes were negotiable, constituting separate and distinct causes of action in the hands of any holder thereof despite the fact that on each of them was written the following clause: " This note is one of a series of twenty-five notes, of even date herewith, of the sum of five thousand dollars each, and shall become due and payable to the holder on the failure of the maker to pay the principal and interest of any one of the notes of said series." 136 U. S. 269. Such notes can have no less effect in the hands of the payee.

Further consideration must be taken of the purpose of the rule in regard to joinder and splitting of actions and multiplicity of suits. The purpose of such a rule is to prevent vexation and oppression of a debtor by a vengeful creditor. If a demand is entire and indivisible, the rule is absolute that judgment and satisfaction of a part of such a demand gives a plea in bar to further prosecution of the claim. If the demands are several, giving rise to several causes of action thereon, as in the case at bar, the court will in a proper case — that is to say, where it is apparent that separate cases are prosecuted solely to vex, oppress, annoy and harass the defendant — grant the remedy of consolidation. Where this purpose is not apparent there is no rule or principle of law which prevents a plaintiff creditor from prosecuting several causes of action upon several and distinct claims where they rest upon several promissory notes, upon several trespasses to personal property, or arise out of other separate and distinct transactions.

In the case at bar the defendant debtors cannot complain of multiplicity of suits because the plaintiff brings separate causes of action on each of the several promissory notes. That is the sort of bargain they made. For reasons satisfactory to them the defendants agreed to give to the plaintiff separate and distinct demands or claims in the form of promissory notes or choses in action, and upon each of which several notes or choses in action defendants must be held to have contemplated separate actions could and would have been brought. This must be so, as promissory notes, despite such agreements accelerating maturity, are negotiable, on the authority of the greatest mercantile courts, and even when part of one and the same transaction. *Carlon* v. *Kenealy,* 12 M. & W. 139; *Chicago Railway Co.* v. *Merchants' Bank, supra; Clark* v. *Skeen,* 61 Kan. 526; *Mackintosh* v. *Gibbs,* 81 N. J. L. 577; *Hollinshead* v. *Stuart & Co.,* 8 N. D. 35; *Bardsley* v. *Washington Mill Co.,* 54 Wash. 553; *Kendall* v. *Selby,* 66 Neb. 60; *Thorp* v. *Mindeman,* 123 Wis. 149; *Hunter* v. *Clarke,* 184 Ill. 158; *Wilson* v. *Campbell,* 110 Mich. 580; *Merrill* v. *Hurley,* 6 S. D. 592.

Under these circumstances and in the light of these decisions, the plaintiff is entitled to judgment in each of these actions.

Judgment accordingly.