I. PUTNAM STRONG, Appellant, *v.* HENRIETTA STRONG, Respondent.*

Judgment and order affirmed, with costs. No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Sherman, JJ.; Finch and Sherman, JJ., dissent.

SHERMAN, J. (dissenting). I do not concur in the decision about to be made. The application of the rule forbidding a plaintiff to split his cause of action and maintain successive suits results here in depriving plaintiff of the right to recover upon non-negotiable notes indorsed by defendant and given as part of the purchase price of property formerly owned by the partnership composed of the parties to this action. The purpose of the delivery of the notes was to enable plaintiff to sue upon them and not be compelled to plead the agreement of partnership settlement, out of which the consideration for these notes springs. The intent was that plaintiff might maintain separate actions upon each note, which is precisely what he has done. I can conceive of no other reason for the existence of the notes. It is true that the agreement pursuant to which the notes were issued provides, among other things, that upon the default by defendant in payment of any one of the notes, all the remaining notes became immediately due and payable. Defendant, having defaulted in payment of the second note, is allowed to profit by her default because plaintiff sued and recovered judgment upon that note and is now, at her instance, to be forever deprived of any further recovery upon the remaining five notes given for his property which was transferred to her. A proper construction of the agreement is that the provision for acceleration merely changed the maturity date of the notes, without in anywise affecting the right of the plaintiff as holder of any note to maintain a separate action upon that note at any time after the accelerated maturity date. The liability of defendant as a maker or indorser of the notes should not be extinguished by the fact that plaintiff undertook to sue upon one note and not upon all of the notes in the same action, as " it makes no difference that the causes of action might be united in a single suit; the right of the party in whose favor they exist to separate suits is not affected by that circumstance, except that in proper cases, for the prevention of vexation and oppression, the court will enforce a consolidation of the actions." (*Secor* v. *Sturgis*, 16 N. Y. 548, 554.) Since such is the purpose of the rule against splitting causes of action, how can defendant complain when by giving the notes she invited as many suits as there were notes, if she did not pay them? No cause of action can be said to be split where each cause of action rests upon a note embodying a specific promise to pay a definite amount. The agreement which accelerates the due date of the unpaid notes upon default in payment of any one also contains a provision giving to defendant the right at any time to pay any of the notes before its due date. This further evidences the intent of the parties to deal with each note as a separate entity. *Banzer* v. *Richter* (68 Misc. 192), relied on below, was decided by an eminent judge at Special Term, but the expressions regarding splitting causes of action there found are in reality dicta. This court, in affirming (207 App. Div. 846), without opinion, the decision in *Klipstein* v. *Wolfson Holding Corporation* (119 Misc. 49), where many cases are cited, adopted a more satisfactory view which should be followed here. The

---

* See, also, 231 App. Div. 428.

order dismissing the complaint, upon defendant's motion, ▮ and the judgment thereon, should be reversed, with costs, and the motion denied, with ten dollars costs. Finch, J., concurs. ·