I. PUTNAM STRONG, Respondent, v. HENRIETTA STRONG, Appellant.

First Department, January 30, 1931.

*Leslie Kirsch,* for the appellant.

*Emanuel J. Freiberg* of counsel [*George J. Beldock,* attorney], for the respondent.

MERRELL, J. Plaintiff brought this action to require defendant to transfer to plaintiff fifty-one per cent of the shares of the capital stock of a corporation known as Brownie's Block Prints, Inc., which plaintiff alleges defendant agreed to post as collateral security for the payment of an indebtedness alleged to be owing by defendant to plaintiff. The pertinent facts upon which this case arose are as follows: Plaintiff and defendant are brother and sister. Prior to January 1, 1930, plaintiff and defendant were engaged as copartners in business in designing, printing, assembling, selling and generally dealing in greeting cards, stationery and similar articles under the firm name and style of Brownie's Block Prints, having their principal place of business at 112 East Nineteenth street, in the borough of Manhattan, New York city. By mutual consent said copartnership was dissolved on January 1, 1930, by the withdrawal of plaintiff from said firm, and the sale to defendant of the assets and all plaintiff's right, title and interest in said business. On January 29, 1930, a dissolution agreement in writing was made and entered into by plaintiff and defendant wherein it was agreed that defendant should pay plaintiff for his interest in the business the sum of $15,500, $5,000 of which was paid upon the execution of said dissolution agreement. The dissolution agreement provided that

the balance of $10,500 should be secured by non-negotiable promissory notes, without interest, said notes to be made by a corporation known as Brownie's Block Prints, Inc., which was to be formed to succeed said copartnership, and which notes were to be indorsed by defendant and bear even date with said dissolution agreement, each of said notes to be payable at the Corn Exchange Bank Trust Company, One Hundred and Eighty-first Street Branch, borough of Manhattan, New York city, and to be seven in number. The first of these notes was for $500, and was to mature on March 1, 1930. The second note was for $1,500, and matured May 1, 1930. The third was for $1,500, payable August 1, 1930, and the fourth was for $2,000, payable November 1, 1930. The fifth of said notes was for $1,666.67, to become payable on January 2, 1931. The sixth of said notes was for $1,666.67, to become payable February 1, 1931, and the seventh or last of said notes, for $1,666.66, was to become and be payable March 1, 1931. It was provided in the dissolution agreement that the capital stock of the corporation should consist of 100 shares, of no par value, which shares were to be issued for the exact book value of the assets, effects and property of the copartnership after deducting therefrom the amount paid and obligations assumed toward plaintiff for his interest in the copartnership and after deducting the copartnership obligations. The dissolution agreement further provided that immediately upon the issuance of the said capital stock the defendant was to deposit with the Lawyers Trust Company, or any trust company in the city of New York, as trustee, fifty-one per cent of the capital stock of said corporation, to be held by said trustee in escrow as collateral security for the payment of all of the promissory notes above referred to. By the 5th clause of said dissolution agreement it was provided: " It is further covenanted and agreed that upon default in the payment of any one or all of the aforementioned promissory notes, the balance of the notes then outstanding will become immediately due and payable, * * *." Pursuant to such dissolution agreement the copartnership theretofore existing between the parties was dissolved, the plaintiff receiving the said seven promissory notes made by Brownie's Block Prints, Inc., and bearing on the backs thereof the name of defendant. On March 1, 1930, when the first of said notes, for $500, was, by its terms, to be paid, the same was paid by defendant. When the second note, for $1,500, became payable on May 1, 1930, the note was not paid, and under the terms of the 5th clause of said dissolution agreement, upon such default in the payment of the note for $1,500 on May 1, 1930, the balance of the notes then outstanding became immediately due and pay-

ab e, not at the option of plaintiff, but absolutely. Plaintiff did not, as he might have done, thereupon bring action against defendant, as guarantor, for the sum of $10,000, balance due plaintiff under said dissolution agreement, but sued on the $1,500 note alone, which became due and payable on May 1, 1930. Judgment was recovered thereon, which was subsequently paid by defendant. Thereafter plaintiff brought action to recover the sum of $8,500, the balance due on said remaining notes. Upon motion of defendant, made at Special Term of the Supreme Court, plaintiff's complaint was dismissed for insufficiency, and upon the specific ground that pla ntiff, by splitting a single cause of action and suing to recover on the $1,500 note, payable May 1, 1930, had forfeited all right to recover the balance of said indebtedness as represented by the remaining five notes. Judgment was entered thereon in favor of defendant, dismissing plaintiff's complaint in said action. An appeal was taken to this court, and the judgment and order appealed from were affirmed (231 App. Div. 814).

It is the present contention of respondent that, notwithstanding the judgment dismissing plaintiff's complaint for the balance of the notes unpaid, plaintiff, nevertheless, may compel defendant to deliver possession of the collateral agreed to be posted, but which, in fact, never was posted, as security for the payment of a debt which has been extinguished. In so far as the maker of the notes was concerned, neither of said notes was due at the time of the commencement of said action to recover thereon. The action was brought solely by virtue of the provisions of the dissolution agreement entered into between plaintiff and defendant whereby, upon defendant's default in the payment of the stated installments, the entire indebtedness immediately, by virtue of the acceleration clause, became due. The whole difficulty seems to have arisen from the erroneous conception by the court below that defendant was an indorser of the notes in question. As matter of fact, the defendant was never technically an indorser of said notes. The notes were signed by her by using the name of the corporation which was to be formed and which was to take over the business theretofore carried on by plaintiff and his sister, she, at the same time, writing her name across the back of each of said notes. Under well-settled law, the defendant did not thereby become an indorser of said notes, all of which were, by their terms, non-negotiable and non-interest bearing, but, at most, assumed a relation of maker or guarantor of payment of the moneys represented by the notes, upon default in the payment of either on the date when the same, by its terms, was made payable. (*Richards* v. *Warring*, 1 Keyes, 576; *McMullen* v. *Rafferty*, 89 N. Y. 456; *Cromwell* v.

*Hewitt,* 40 id. 491.) The corporation signing the notes was not a party to the dissolution contract entered into between plaintiff and defendant. This contract alone contained provisions for the acceleration and for the posting of the collateral security for the debt accelerated. There was no right of acceleration as against the corporation and at the time when the action was brought to recover the balance unpaid on said notes, neither of them was due, so far as the maker of the notes was concerned. The acceleration clause bound defendant alone. The contract providing for the acceleration was between plaintiff and defendant, and the maker of the notes was not a party thereto. This court has held, in affirming the dismissal of plaintiff's complaint in the prior action, that all of the notes must be read together in conjunction with the dissolution agreement, and constitute a single debt, and not several distinct debts upon distinct notes. The contract itself obviously related to a single indebtedness represented by the amount of the accelerated notes, and when the contract stated that " tender of payment of the full amount then due on the promissory notes aforesaid," it clearly referred to tender of payment of the entire accelerated balance of the debt. There can be no doubt that the collateral in question was to be posted as security for payment of the accelerated debt. Acceleration could not be had against any one, except the appellant herein. The maker of the notes was not subject to such acceleration, as it was not a party to the agreement.

The learned court below seems to have regarded the appellant as an indorser, secondarily liable, and that the maker of the notes was primarily liable. Such, however, is not the case. The maker of the notes was never liable for any of the notes not by their terms then due. Nevertheless, the whole accelerated debt did become due as against appellant. It is, therefore, clear that the collateral herein was to be applied only against the accelerated debt. Such accelerated debt having been wiped out through the act of plaintiff in splitting his cause of action and suing for a part only thereof, there can be no claim made for the collateral which was agreed to be posted as security for the payment of said indebtedness. Indeed, the complaint in the present action makes the appellant's accelerated debt the sole basis upon which the delivery of the collateral is asked. No other debt is alleged, and the only party sued herein is the defendant, appellant. In our opinion the difficulty has arisen through the error of the learned court below in holding that the collateral can be applied to satisfy the several obligations of the maker and indorser upon distinct notes. The defendant was never an indorser, but, at most, was a guarantor or surety for the payment of the notes. The memorandum filed by

the justice presiding at Special Term indicates that, in the opinion of the learned justice, satisfaction of an " indorser's " debt does not discharge the maker's liability upon the notes in question, and that, therefore, plaintiff may procure and apply appellant's collateral to satisfy the liability of the corporate maker of the notes. Again, the court's view may be attributed to its error in regarding the defendant as an indorser of the notes in question. The collateral was not to be given to secure the debt of the maker upon the notes. No such debt is alleged as against the corporation. There is no allegation in the complaint or in the respondent's reply to the defenses set up in the answer herein of any debt or liability on the part of the maker of the notes herein. Indeed, at the time of the decision of the court (Special Term), neither of the outstanding notes in the hands of the respondent was matured as to the maker thereof. The situation is perfectly clear when we consider the fact that the acceleration and the obligation to pay the accelerated debt were both contained in the contract entered into between plaintiff and defendant. That contract in nowise bound the corporation signing the notes, as it was not a party thereto. The primary and principal obligor for the entire indebtedness was the appellant, who, solely for convenience in collection, signed the notes with the name of her corporation and wrote her own name upon the back of each of said non-negotiable notes. There is no allegation whatever in the complaint or in the reply of any indebtedness of the part of the corporation. The court below evidently assumed that the notes due against an " indorser " secondarily liable must be due against the " maker " primarily liable. In this he was clearly in error, as there was no primary liability on the part of the maker and no secondary liability on the part of the indorser. The entire liability was upon the defendant, appellant, as guarantor or surety for the payment of the indebtedness aforesaid.

The learned judge below held the reply sufficient, holding that plaintiff could obtain the same relief against defendant, appellant, upon another cause of action based upon the debt of another. There is no allegation of any debt on the part of any one, save the defendant, appellant, and there was no other indebtedness. It is stated in the memorandum of the learned justice below that the reply denied the payment of $1,500 in connection with the judgment obtained in the City Court action. However, in the reply of plaintiff, respondent, to the fourth defense, plaintiff admits payment of the $1,500. In the reply of plaintiff, respondent, to the sixth defense alleged in the answer, that the amount sued for in

said action at law is the same sum of indebtedness alleged by plaintiff in the amended complaint herein to be the indebtedness to satisfy which plaintiff seeks to make application of the alleged collateral security herein, less the sum of $1,500 duly paid on May 22, 1930, satisfying of record the judgment obtained between the same parties in the City Court action, except, however, plaintiff admits that the said action at law was brought against defendant herein as an indorser of five promissory notes totaling $8,506, and that the said notes are the same referred to in the amended complaint herein. Thus, while it clearly appears that, in reply to the fourth defense, the facts are admitted by plaintiff, the reply to the sixth defense puts such facts in issue. The learned justice below held that while there was an inconsistency between the denial contained in the reply to the sixth defense and the admission contained in the reply to the sixth defense and the admission contained in the reply to the fourth defense, such denial need not necessarily be disregarded as sham on a motion addressed to the sufficiency of a reply. We think the court below was incorrect in this position. In *Harley* v. *Plant* (210 N. Y. 405) the Court of Appeals stated (at p. 412): " There may be cases in which the denials or defenses in an answer or reply are incredible as a matter of law as in *Dahlstrom* v. *Gemunder* (198 N. Y. 449). \* \* \*."

In *Dahlstrom* v. *Gemunder* (198 N. Y. 449) the Court of Appeals stated (at p. 455): " Even if it should be held, as I am strongly convinced that it should not be, that this denial was of some force, plaintiff made affirmative admissions of enough in the answer to destroy the effectiveness of his reply and to support the order which was made."

The rule is stated in 49 Corpus Juris, 676, as follows: "A party is entitled to judgment on the pleadings where his cause of action or defense is admitted and no facts are alleged which would defeat the admission, and a denial, when accompanied by admissions sufficient to establish the cause of action or defense, is insufficient to prevent judgment."

No facts were alleged by respondent which in any way overcome the admission in the reply of the facts alleged as constituting the fourth defense.

The reply to the sixth defense alleged in the answer herein was clearly sham, and should have been stricken out upon motion of defendant. The pleadings clearly indicate that the plaintiff, respondent, is seeking to compel defendant, whose indebtedness has been discharged, to surrender alleged collateral to satisfy a debt which does not exist. The complaint alleges an indebtedness, but the admissions contained in the reply show that such indebted-

ness does not presently exist. No other indebtedness is alleged upon which the relief demanded in the complaint may be granted.

It is also urged by respondent that the alleged collateral, not withstanding the extinguishment of the debt, may be recovered by the respondent on the ground that it constitutes a pledge, and that a pledge may be used to enforce actual payment. The difficulty with such position is that the present action is not one on a pledge. At most, only an agreement to pledge is alleged. The shares in question, constituting the alleged pledge, were never delivered or specifically appropriated, and were never in the possession of plaintiff, respondent, and he never acquired any right of property therein.

In our opinion the order below, so far as appealed from, should be reversed, with ten dollars costs and disbursements. The reply of the plaintiff, respondent, to the sixth defense should be stricken out as insufficient in law, and judgment on the pleadings should be granted defendant, appellant, dismissing the plaintiff's complaint, with ten dollars costs.

DOWLING, P. J., MARTIN and SHERMAN, JJ., concur; O'MALLEY, J., dissents.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.